1  SHELDON J. WARREN, No. 096668
   swarren@swarrenlaw.com
2  DANI H. ROGERS, No. 130640
   drogers@swarrenlaw.com
3  **LAW OFFICES OF SHELDON J. WARREN,**
   **a Professional Law Corporation**
4  P. O. Box 30220
   Long Beach, California 90853
5  Telephone:   562.433.9688
   Facsimile:   562.433.9711
6
7  Attorneys for Defendant
   MATERION BRUSH INC.
8
9              UNITED STATES DISTRICT COURT
10            EASTERN DISTRICT OF CALIFORNIA
11

12 RONALD DWAYNE MANNING,            CASE NO.
                                     **[State Court Action Filed**
13            Plaintiff,             **09/06/2019]**

14     v.

15 ARCONIC INC., formerly known as   NOTICE OF REMOVAL OF ACTION
   Alcoa., a Delaware corporation;   UNDER 28 U.S.C. §1441 (B)
16 MATERION BRUSH INC., formerly     DIVERSITY
   known as Brush Wellman, Inc., an
17 Ohio corporation; U.S. MINERALS,
   INC., a Delaware corporation;
18 WABCO HOLDINGS, INC., as
   successor-in-interest to Meritor Wabco
19 Vehicle Control Systems, a Delaware
   corporation; and DOES 1 Through
20 120, INCLUSIVE,

21            Defendants.

22

23      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

24      **PLEASE TAKE NOTICE** that MATERION BRUSH INC., a

25 defendant in the above-entitled Action, hereby removes to this Court the state court

26 action described below. MATERION BRUSH INC.'s removal of this Action to

27 federal court is made on 28 U.S.C. §§ 1332(a), 1441(b) (diversity of citizenship)

28 and is based upon the following:

{00019780.DOC}

1      1.     On September 6, 2019, an action was commenced in the Superior

2  Court of the State of California in and for the County of Tehama, entitled *RONALD*

3  *DWAYNE MANNING, Plaintiff, v.  ARCONIC INC., formerly known as Alcoa Inc.,*

4  *a Delaware corporation; MATERION BRUSH INC., formerly known as Brush*

5  *Wellman, Inc., an Ohio corporation; U.S. MINERALS, INC., a Delaware*

6  *corporation; WABCO HOLDINGS, INC., as successor-in-interest to Meritor*

7  *Wabco Vehicle Control Systems, a Delaware corporation; and DOES 1 through*

8  *120, INCLUSIVE, Defendants*, as Case Number 19CI000219. A true and correct

9  copy of the Complaint is attached hereto as Exhibit "A".

10     2.     The first date upon which defendant MATERION BRUSH INC.

11 received a copy of the said Complaint was October 2, 2019 when defendant's agent

12 for service of process CT Corporation was served with a copy of the said Complaint

13 and a Summons from the said state court. A copy of the Summons, as well as a

14 "Service Of Process Transmittal" from CT Corporation confirming the date of its

15 receipt of the Summons and Complaint as October 2, 2019, are attached hereto

16 collectively as Exhibit "B".  This matter is thus being removed within thirty (30)

17 days of service being effected on MATERION BRUSH INC., as required by 28

18 U.S.C. § 1446(b).  See also *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*

19 (1999) 526 U.S. 344, 354, 119 S.Ct. 1322, 1329.

20     3.     MATERION BRUSH INC. filed an Answer to Plaintiff's

21 Complaint on October 30, 2019 in the Superior Court of the State of California for

22 the County of Tehama, and served this Answer on Plaintiff's counsel by mail.  True

23 and correct copies of MATERION BRUSH INC.'s Answer, with attached proof of

24 service, are attached hereto as Exhibit "C."

25     4.     Plaintiff's Action is a civil action over which this Court has

26 original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may

27 be removed to this Court by MATERION BRUSH INC. pursuant to the provisions

28 of 28 U.S.C. §1441 in that it is a civil action between citizens of different states and

the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the allegations of said Complaint, which claims that Plaintiff, as a result of alleged actions on the part of defendants, allegedly contracted "Chronic Beryllium Disease, a chronic, progressive, debilitating, and ultimately fatal lung disease" for which he allegedly "has been hospitalized and underwent surgery and other treatments." *See* Complaint, paragraph 41, page 11, line 28, to page 12, line 4. "Plaintiff's Initial Statement Of Damages," filed by Plaintiff concurrently with the Complaint, claims medical expenses to date of $15,000, estimated future medical expenses of $2,000,000, and an estimated loss of future earning capacity totaling approximately $500,000. A true and correct copy of "Plaintiff's Initial Statement Of Damages" is attached hereto as Exhibit "D."

5. The balance of the complete state court file, save and except for the Summons and Complaint. MATERION BRUSH INC.'s Answer and Plaintiff's Initial Statement of Damages, which includes the Answers of defendants ARCONIC INC. and U.S. MINERALS, INC., is attached hereto as Exhibit "E." No other process, pleadings or papers besides those attached hereto have been filed with the state court in this Action.

6. Complete diversity of citizenship exists between Plaintiff and all named defendants in that: Plaintiff RONALD DWAYNE MANNING is identified in paragraph 1 of the Complaint as being a resident of the State of California "[A]t all material times hereto,.." Defendant MATERION BRUSH, INC. was and is a corporation incorporated under the laws of the State of Ohio and having its principal place of business in the State of Ohio. *See* Declaration of Sheldon J. Warren, ¶ 3. Defendant ARCONIC INC. was and is a corporation incorporated under the laws of the State of Delaware and having its principal place of business in the State of Pennsylvania. *See* Declaration of Sheldon J. Warren, ¶ 4. Defendant U.S. MINERALS was and is a corporation incorporated under the laws of the State of Delaware and having its principal place of business in the State of Illinois. *See*

Declaration of Sheldon J. Warren, ¶ 5. Defendant WABCO NORTH AMERICA INC. was and is a corporation incorporated under the laws of the State of Delaware and having its principal place of business was outside the State of California. *See* Declaration of Sheldon J. Warren, ¶ 6.

7.    The presence of fictitious Doe defendants in this Action does not prevent this Court from exercising jurisdiction in this action because the citizenship of fictitious defendants is ignored for purposes of determining diversity jurisdiction. *Soliman v. Philip Morris, Inc.* (9th Cir. 2002) 311 F.3d 966, 971; *McCabe v. General Foods Corp.* (9th Cir. 1987) 811 F.2d 1336, 1339.

8.    Defendant MATERION BRUSH, INC., promptly upon filing said Notice of Removal in the office of the Clerk of the United States District Court for the Eastern District of California (Sacramento Division), will also file a copy thereof with the Clerk of the Superior Court of the State of California for the County of Tehama, to effect removal of this Action pursuant to 28 U.S.C. §1446.

9.    All defendants who, upon information and belief, have been served and whose citizenship is properly considered have consented to removal of this action. *See* Declaration of Sheldon J. Warren, ¶¶3, 4, 5 and 6.

**WHEREFORE**, MATERION BRUSH INC. prays that the above-entitled Action be removed from the Superior Court of the State of California for the County of Tehama.

Dated:  October 31, 2019

**LAW OFFICES OF SHELDON J. WARREN**

By /s/ *Sheldon J. Warren*

SHELDON J. WARREN
Attorneys for Defendant
MATERION BRUSH INC.

{00019780.DOC}

-4-

# EXHIBIT "A"

F:\WP\Cases\1561\PLEADDOC\COMPLAINT\Complaint.wpd

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION
RAPHAEL METZGER, ESQ., SBN 116020
CAROLYN M. ORR, ESQ., SBN 299372
401 E. OCEAN BLVD., SUITE 800
LONG BEACH, CA 90802-4966
TELEPHONE: (562) 437-4499
TELECOPIER: (562) 436-1561

Attorneys for Plaintiff,
RONALD DWAYNE MANNING

**FILED**
SUPERIOR COURT OF CALIFORNIA

SEP 0 6 2019

COUNTY OF TEHAMA
KEVIN HARRIGAN, CLERK OF THE COURT
BY _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF TEHAMA

RONALD DWAYNE MANNING,

                    Plaintiff,

          vs.

ARCONIC INC., formerly known as
Alcoa Inc., a Delaware
corporation; MATERION BRUSH
INC., formerly known as Brush
Wellman, Inc., an Ohio
corporation; U.S. MINERALS,
INC., a Delaware corporation;
WABCO HOLDINGS, INC., as
successor-in-interest to Meritor
Wabco Vehicle Control Systems, a
Delaware corporation; and DOES 1
through 120, INCLUSIVE,

                    Defendants.

CASE NO. *19CI000219*

**COMPLAINT FOR TOXIC INJURIES
ASSERTING CAUSES OF ACTION FOR:**

(1) **NEGLIGENCE;**
(2) **STRICT LIABILITY - FAILURE
    TO WARN;**
(3) **STRICT LIABILITY - DESIGN
    DEFECT;**
(4) **FRAUDULENT CONCEALMENT;**
(5) **BREACH OF IMPLIED
    WARRANTIES**

**DEMAND FOR JURY TRIAL [MADE
PURSUANT TO CALIFORNIA CODE O
CIVIL PROCEDURE §§ 600 ET SEQ.
AND PURSUANT TO RULE 38 OF THE
FEDERAL RULES OF CIVIL
PROCEDURE SHOULD THIS CASE EVER
BE REMOVED TO FEDERAL COURT]**

---

**COMPLAINT FOR TOXIC INJURIES**

F:\WP\Cases\1561\PLEADOC\COMPLAIN\Complaint.wpd

Plaintiff, RONALD DWAYNE MANNING, hereby alleges:

## THE PARTIES

1.    At all material times hereto, Plaintiff, Ronald Dwayne Manning, has  resided in the State of California.

2.    Plaintiff is informed and believes and thereon alleges that Defendant, Arconic Inc., is a Delaware corporation, formerly known as Alcoa Inc., which at all material times hereto, was doing business in the County of Tehama, State of California.

3.    Plaintiff is informed and believes and thereon alleges that Defendant, Materion Brush Inc., is an Ohio corporation, formerly known as Brush Wellman, Inc., which at all material times hereto, was doing business in the County of Tehama, State of California.

4.    Plaintiff is informed and believes and thereon alleges that Defendant, U.S. Minerals, Inc., is a Delaware corporation, which at all material times hereto, was doing business in the County of Tehama, State of California.

5.    Plaintiff is informed and believes and thereon alleges that Defendant, WABCO Holdings, Inc., as successor-in-interest to Meritor Wabco Vehicle Control Systems, is a Delaware corporation, which at all material times hereto, was doing business in the County of Tehama, State of California.

6.    The true names and capacities of Defendants Does 1 through 100 are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will amend this complaint to state the true names and capacities of said fictitious

1

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4956

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1\561\PLEAD\DOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (888)
TELECOPIER (562) 436-1361
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

defendants when they have been ascertained.  Plaintiff are informed and believe and thereon alleges that Defendants Does 1 through 100 are in some manner responsible for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

7.  Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 20 are manufacturers of beryllium-containing products to which Plaintiff, Ronald Dwayne Manning, was exposed and which caused his injuries.

8.  Plaintiff is informed and believes and thereon alleges that Defendants Does 21 through 40 are suppliers or distributors of beryllium-containing products to which Plaintiff, Ronald Dwayne Manning , was exposed and which caused his injuries.

9.  Plaintiff is informed and believes and thereon alleges that Defendants Does 41 through 60 are repackagers or toll providers of beryllium-containing products to which Plaintiff, Ronald Dwayne Manning, was exposed and which caused his injuries.

10.  Plaintiff is informed and believes and thereon alleges that Defendants Does 61 through 80 are companies who are otherwise in the chain of distribution of beryllium-containing products to which Plaintiff, Ronald Dwayne Manning, was exposed and which caused his injuries.

11.  Plaintiff is informed and believes and thereon alleges that Defendants Does 81 through 90 are owners of the premises where Plaintiff, Ronald Dwayne Manning, was exposed to beryllium-containing products which caused his injuries.

12.  Plaintiff is informed and believes and thereon alleges that Defendants Does 91 through 100 are lessors of premises where

2

F:\WPl\Cases\1561\PLEA\DOC\COMPLAIN\Complaint.wpd

1   Plaintiff, Ronald Dwayne Manning, was exposed to beryllium-containing
2   products which caused his injuries.

3      13. Plaintiff is informed and believes and thereon alleges
4   that Defendants Does 101 through 120 are entities or persons who are
5   otherwise responsible for the injuries of Plaintiff, Ronald Dwayne
6   Manning.

7      14.    Defendants Arconic Inc., Materion Brush Inc., U.S.
8   Minerals, Inc., WABCO Holdings, Inc., and Defendants, Does 1 through
9   80,   are  sometimes  hereinafter  referred  to  as  the  "Product
10  Defendants."

11     15.    Defendants,  Does 81 through 90,  are  sometimes
12  hereinafter referred to as the "Premises Owner Defendants."

13     16.    Defendants,  Does 91 through 100,  are  sometimes
14  referred to hereinafter as the "Premises Lessor Defendants."

15     17.    Defendants,  Does 101 through 120,  are  sometimes
16  referred to hereinafter as the "Other Responsible Defendants."

17     18. Plaintiff is informed and believes and thereon alleges
18  that, at all times material hereto, each of the Defendants, including
19  the  fictitiously named Defendants, was acting in an individual,
20  corporate,  partnership,  associate,  parent-subsidiary,  successor-
21  predecessor,  conspiratorial  or  other  capacity  or  as  the  agent,
22  employee, co-conspirator, and/or alter ego of its co-defendants, and
23  in doing the acts herein alleged, was acting within the course and
24  scope of its authority as such parent, successor, partner, associate,
25  agent,  employee,  co-conspirator,  or  alter  ego,  and  with  the
26  permission,  consent,  knowledge,  authorization,  ratification  and
27  direction of its co-defendants, including all fictitiously named
28  defendants.

3

COMPLAINT FOR TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-4001
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1561\PLEADDOC\COMPLAIN\Complaint.wpd

## GENERAL ALLEGATIONS

### Beryllium

19.  Beryllium is a rare metal. It is stronger than steel, yet lighter than aluminum. It is also extremely toxic. A few particles of beryllium inhaled into the lungs of an individual who is immunologically susceptible to beryllium (up to 25% of the population) can cause a chronic, progressive and ultimately fatal lung disease -- Chronic Beryllium Disease (CBD).

20.  Hundreds, indeed, probably thousands, of Americans exposed to beryllium have developed CBD in the last 70 years. These include (1) beryllium manufacturing workers employed by Brush Wellman at its plants, (2) grinders, machinists, lappers and other workers employed by Brush Wellman's customers who worked with and were occupationally exposed to beryllium, (3) secretaries and receptionists at Brush Wellman plants, who developed CBD even though they never worked with beryllium and never entered production areas of the plants, (4) wives of beryllium workers who were exposed by washing their husbands' clothing, (5) children of beryllium workers who hugged their fathers when they came home from work, and (6) residents of communities in which beryllium plants were located, who were exposed to microscopic amounts of beryllium in the air at distances of a few miles from beryllium plants, and (7) workers in industries and trades that interact with beryllium and beryllium containing parts and products, including, for instance, the automotive maintenance and repair industry.

4

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES



F:\WP\Cases\1561\PLEADDOC\COMPLAIN\Complaint.wpd

## The Unique Nature of Chronic Beryllium Disease

21.   Among all occupational lung diseases, Chronic Beryllium Disease (CBD) is the most horrific.  Unlike a rather large number of pulmonary toxins that can cause fibrotic lung disease from massive chronic exposure over years, beryllium is exquisitely toxic to the lungs in vanishingly small amounts.  Unlike almost all other toxins, CBD does not occur in a dose-response manner, i.e., its incidence is just as high at low doses as it is at high doses.

22.  The reason for beryllium's unique pulmonary toxicity is that it does not cause lung disease by an inflammatory process, but rather by an immunologic reaction. Up to 25% of the population is immunologically susceptible to beryllium and the remainder of the population is not.  For the up to 25% of the population that is susceptible, mere particles of beryllium inhaled into the lungs trigger an immunologic reaction, whereby blood cells attempt to seal off the particles from lung tissue. Unlike most foreign bodies that cause no further damage once they are sealed off, the reaction that beryllium triggers in immunologically susceptible individuals is self-perpetuating, resulting in the formation of non-caseating granulomas. It is this uncontrolled immunologic reaction triggered by minute amounts of beryllium that causes the progressive and often fatal condition known as Chronic Beryllium Disease (CBD).

//
//
//
//
//

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4956

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

5



F:\WP\Cases\1561\PLEADDOC\COMPLAINT\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

<u>The Occupational Standard for Beryllium Exposure</u>

23.   The standard for beryllium exposure was conceived by Merril Eisenbud, a Brush Wellman consultant, in a taxi on the way to provide information on the design of a beryllium plant. Eisenbud conceived the standard in the absence of epidemiologic data by scaling the standard for certain other toxic metals downward in proportion to the lower molecular weight of beryllium.

24.   The Eisenbud standard was 2 micrograms of beryllium per cubic meter of air averaged over an 8-hour period. Two micrograms of beryllium per cubic meter of air is about the equivalent of a pencil point pulverized into fine dust that is evenly dispersed in a box that is the size of a football field six feet high. The efficacy of the standard was not only unsupported by any epidemiologic data; it was based on a toxicological mechanism (irritation) different from that of beryllium (immune reaction).

25.   Before Eisenbud conceived the 2 microgram standard, he had measured beryllium in the ambient air in the community around Brush Wellman's beryllium plant in Lorain, Ohio and determined that the dozen residents of Lorain who developed CBD from environmental exposure had been exposed to beryllium at concentrations well below the standard. Nevertheless, Eisenbud and Brush Wellman adopted the 2 microgram standard as a matter of expedience, simply because it was considered impractical to reduce exposures below this level. Unfortunately, due to the unique toxicological mechanism of beryllium, the standard did not reduce the incidence of CBD among workers. Many workers died of the disease, although they were exposed to beryllium at concentrations below the standard.

6

F:\WPX\Cases\15619\PLEADDOC\COMPLAINT\Complaint.wpd

## Brush Wellman's Knowledge of the Hazard of Low-Dose CBD

26.    Brush Wellman has known for decades that its beryllium-containing products cause CBD at vanishingly small doses. Indeed, the first reported outbreak of CBD was not in a beryllium plant, but was rather in the community surrounding Brush Wellman's Loraine, Ohio plant in the 1940s. When a dozen residents were diagnosed with beryllium lung disease, Merril Eisenbud measured beryllium in the ambient air of the community and found it to be present at concentrations that were a few orders of magnitude below 2 micrograms per cubic meter of air. Thus, at the very time that Eisenbud and Brush Wellman proposed the 2 microgram standard, they knew it was inadequate to prevent CBD.

27.    In 1951, Brush Wellman's CEO wrote a memorandum which stated: "Our records show that practical[ly] all our occupational disease cases during the last year have occurred in places below the 2 mcgr limit and that we do not have any occupational disease record in places where this limit has been temporarily exceeded."

28.    In 1974, Dr. Shima, the medical director of a Japanese beryllium manufacturer, reported to Brush Wellman that his company had cases of beryllium disease in workers only exposed below the standard. He wrote: "It is explicitly confirmed that these two cases were exposed to Be far below 2 ug/m3."

29.    In the 1970s ten secretaries at a Brush Wellman plant who had never even worked with beryllium were diagnosed with CBD.

//

//

//

7

COMPLAINT FOR TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WPC\cases\1561\PLEADDOC\COMPLAINN\Complaint.wpd

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

## Brush Wellman's Concealment of the Toxic Hazard from OSHA

30.   Despite all the foregoing information, as well as reports of low-dose CBD from its own medical consultants and other beryllium manufacturers, Brush Wellman has consistently maintained that no cases of CBD have ever occurred in workers below 2 ug/m3.

31.   When OSHA sought to lower the standard in 1977, Brush Wellman's managerial employees testified that the standard had prevented CBD from occurring and that CBD could not occur from exposure to beryllium below the standard. Brush Wellman submitted false testimony to OSHA stating: "Substantial clinical experience with traditional forms of beryllium disease over the past 25 years, all of which has been subjected to critical scientific review, fails to reveal that reduction of the existing standard is necessary to prevent any form of the disease."

32.   Brush Wellman's Medical Director, Otto Preuss, testified to OSHA: "These data confirm that keeping airborne beryllium levels at or near 2 micrograms per cubic meter DWA will prevent the occurrence of new cases of chronic beryllium disease."

33.   Brush Wellman's Vice-President, Martin Powers falsely testified to OSHA in 1977: "We believe that we have proven beyond a doubt that the existing standard, which is the most stringent occupational exposure standard in existence today, is completely safe in terms of preventing chronic or acute forms of beryllium disease."

34.   As late as 1992 Brush Wellman was falsely representing: "There have been no reported cases of beryllium disease in persons whose exposure have been below these levels [2 ug/m3 "]."
//

8

F:\WPAC\cases\1\561\PLEADDOC\COMPLAINT\complaint.wpd

## Brush Wellman's Misrepresentations to its Customers

35.   To assure its customers that they could safely use beryllium, Brush Wellman routinely misled them regarding the hazards of low-dose exposure to beryllium. Brush Wellman has always advised its customers that as long as they keep beryllium exposures below 2 ug/m3 in the workplace, their employees could not get CBD. By making such knowingly false representations, Brush Wellman encouraged its customers to develop industrial hygiene programs to achieve a level of exposure that Brush Wellman knew was not health-protective and would cause CBD in susceptible workers. Brush Wellman also falsely represented to its customers that only about 1 % of the population is susceptible to beryllium disease, whereas studies have shown that a much greater percentage of the population is immunologically susceptible to developing CBD.

36.   By making these false representations to customers, Brush Wellman was able to persuade its customers that they could use beryllium without injuring their workers. By misleading customers to believe that workers would not develop CBD if exposures were kept below 2 Dg/m3, Brush Wellman induced its customers to expose their employees to beryllium at exposure levels that cause disease.

## Necessary and Unnecessary Uses of Beryllium

37.   Because of its stiffness, light weight and dimensional stability over a wide temperature range, beryllium metal is used for lightweight structural components in the defense, nuclear, and aerospace industries. It has been used in high-speed aircraft, brakes

9

---

**COMPLAINT FOR TOXIC INJURIES**



F:\WP\Cases\1501\PLEADDOC\COMPLAIN\Complaint.wpd

of military jet fighters, guided missiles, space vehicles, satellites, rocket nozzles, and nuclear warheads.

38.   While the use of beryllium is likely necessary in certain military, nuclear and aerospace applications, the use of beryllium is totally unnecessary and grossly inappropriate in non-military/non-tactical automotive parts, where other light-weight, much less toxic materials are available. This case concerns such an improper use of beryllium.

<u>Plaintiff's Exposure to Beryllium and Resulting Injuries</u>

39.   From about 2006 through approximately 2017, Plaintiff, Ronald Dwayne Manning, worked as an auto mechanic for Tehama Colusa Canal Authority, at its mechanic garage facility located in Willows, California, and was exposed to beryllium-containing automotive parts. From about 2004 to 2006, Plaintiff, Ronald Dwayne Manning, worked as an auto mechanic and welder for McCurdy's Truck Repair at its facility in Corning, California, and was exposed to beryllium-containing automotive parts. From about 2002 to 2004, Plaintiff, Ronald Dwayne Manning, worked as an auto mechanic and welder for Jim Aartman, Inc., at its facility in Orland, California, and was exposed to beryllium-containing automotive parts. From about 1997 to 2002, Plaintiff, Ronald Dwayne Manning, worked as an auto mechanic for Corning Truck and RV, at its facility in Corning, California, and was exposed to beryllium-containing automotive parts.   Around 1988, Plaintiff, Ronald Dwayne Manning, worked as a fire sprinkler installer at Diamond M. Fire Protection, and was exposed to beryllium-containing sprinkler heads.   Around 1977, Plaintiff,

10

TELEPHONE (562) 437-4486
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 439-1501
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL INJURIES
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\11561\PLEADDOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION,
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Ronald Dwayne Manning, worked at Roger's Movie Theater where Plaintiff was exposed to beryllium-containing carbon arc welding rods used to operate movie projectors. Plaintiff is informed and believes and thereon alleges that the injuries from which Plaintiff, Ronald Dwayne Manning, suffers and which are the subject of this action, were sustained in the course of Plaintiff's work as an auto mechanic, welder, installer, and operator.

40. In the course of and throughout Plaintiff's employment as an auto mechanic, welder, installer, and operator, Plaintiff, Ronald Dwayne Manning, worked with and was exposed to the beryllium-containing products hereinafter identified. Plaintiff is informed and believes and thereon alleges that the Chronic Beryllium Disease and other injuries from which Plaintiff, Ronald Dwayne Manning, suffers were sustained in the course of grinding, melting, casting, polishing, abrasive blasting, brazing, brushing, buffing, deburring, drilling, machining, forging, grinding, laundering, melting, plasma spraying, reaming, maintaining, welding, sand blasting, sanding, shearing, spot welding, stretch bending, tapping, thread rolling, torch cutting, and otherwise handling or being exposed to said beryllium-containing products and from exposure to beryllium in the air from other employees' grinding, melting, casting, and polishing of beryllium-containing products and other operations at the facilities where Plaintiff worked which resulted in airborne beryllium dust and fumes.

41. As a direct and proximate result of said exposure to said toxic beryllium compounds, Plaintiff, Ronald Dwayne Manning, sustained serious injuries to his internal organs, including his lungs, resulting in Chronic Beryllium Disease, a chronic,

11



F:\WP\Cases\1561\PLEADDOC\COMPLAIN\Complaint.wpd

progressive, debilitating, and ultimately fatal lung disease. As medical treatment for Plaintiff's Chronic Beryllium Disease, Plaintiff, Ronald Dwayne Manning, has been hospitalized and underwent surgery and other treatments.

## PRODUCT IDENTIFICATION

42.    Following is a list of those beryllium-containing products thus far identified to which Plaintiff, Ronald Dwayne Manning, was exposed during the course of Plaintiff's employment as an auto mechanic, welder, installer, and operator, and which caused Plaintiff's toxic injuries, occupational disease, including Chronic Beryllium Disease:

**Arconic Inc., _formerly known as Alcoa Inc._**

_Manufacturer and/or supplier of the following beryllium-containing products:_

      Aluminum Alloys with Low Beryllium

      Alcoa Wheels

      other beryllium-containing products to be identified during discovery.

**Materion Brush Inc.**

_Manufacturer and/or supplier of the following beryllium-containing products:_

      Band Saw Blade Components

      Bearing Material Components

      Beryllium Alloys

12

COMPLAINT FOR TOXIC INJURIES

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1561\PLEADDOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4589
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 435-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4956

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASES, CANCER, AND TOXIC INJURIES

Beryllium Punches

Brake Components

Brass Beryllium Terminals/Connectors

Carbon Arc Welding Rod Components

Ceramic Buttons

Clutch Components

Coal Slag Components

Copper Beryllium Wrought Alloy

Copper Universal Joint Components

Electrical Components

Tungsten Rod Components

Turbocharger Components

Transmission Spring Components

Welding Electrode Components

Welding Wire Components

other beryllium-containing products to be identified during discovery.

**U.S. Minerals, Inc.**

*Manufacturer and/or supplier of the following beryllium-containing products:*

Black Magnum (tm) Black Diamond Coal Slag

other beryllium-containing products to be identified during discovery.

//

//

//

//

13

COMPLAINT FOR TOXIC INJURIES

F:\WP\Cases\1591\PLEADDOC\COMPLAIN\Complaint.wpd

**WABCO Holdings, Inc., as successor-in-interest to Meritor Wabco Vehicle Control Systems**

Manufacturer and/or supplier of the following beryllium-containing products:

Copper-Beryllium Sensor Clip - Part #R955459

other beryllium-containing products to be identified during discovery.

**DOES 1-100 (Presently unknown manufacturers, distributors, suppliers, repackagers, and others in the chain of distribution of beryllium-containing products):**

Other beryllium containing products to be identified during discovery.

## TOLLING OF STATUTE OF LIMITATIONS

Appreciable Injury and Diagnosis Postdating Exposure

43. Plaintiff, Ronald Dwayne Manning, was first diagnosed with Chronic Beryllium Disease in June 2018. Prior to said time Plaintiff did not discover, and could not reasonably have discovered, that Plaintiff, Ronald Dwayne Manning, had been injured and was suffering from Chronic Beryllium Disease, the toxic nature of said injuries and disease, or their occupational cause. The pathological effect of said disease occurred without perceptible trauma and Plaintiff was blamelessly ignorant of its cause. It was not until the June 2018, that Plaintiff was even aware that Ronald Dwayne Manning, had sustained any appreciable injury associated with beryllium.

14

COMPLAINT FOR TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 439-1561
WWW.TOXICTORT.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WPCases\15\PLEADDOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

## Ignorance of Cause of Disease

44. At the time Plaintiff, Ronald Dwayne Manning, was diagnosed with Chronic Beryllium Disease in June 2018, and continuing thereafter until the present date, no physician ever told Plaintiff, Ronald Dwayne Manning, what the cause of Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease was or that Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease even had a cause.

## Suspicion of Cause of Disease

45. The first time Plaintiff suspected that Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease might be occupationally related was on or about December 2017.

## Ignorance of Identity of Injury-Causing Hazardous Substances

46. Notwithstanding his diligent efforts, at no time even until the present date did Plaintiff personally ascertain the identity of those beryllium-containing products which caused Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease; nor did Plaintiff personally ascertain any ingredients or contaminants of the products to which Plaintiff, Ronald Dwayne Manning, was exposed at work that caused Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease; and to this very date, Plaintiff personally remains ignorant of the identity of hazardous substances to which Plaintiff, Ronald Dwayne Manning was exposed at work that caused Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease. It was only after Plaintiff, Ronald Dwayne Manning, first met with his attorneys of record on June 22, 2018, and through ongoing investigation thereafter, that Plaintiff was finally able to vicariously identify

15

COMPLAINT FOR TOXIC INJURIES

F:\WP\Cases\1561\PLEADDOC\COMPLAIN\Complaint.wpd

1  the beryllium-containing products listed in the "Product

2  Identification" section above, which Plaintiff alleges caused

3  Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and

4  other medical conditions.

5

6  <u>Fraudulent Concealment of Toxic Hazards by Defendants</u>

7       47.  At all material times hereto, Defendants fraudulently

8  concealed from Plaintiff material facts concerning the nature of the

9  beryllium-containing products to which Plaintiff, Ronald Dwayne

10  Manning, was exposed.

11      48.  At all material times hereto, Defendants fraudulently

12  concealed the toxic hazards of their beryllium-containing products

13  from Plaintiff, the hazards of the conditions under which Plaintiff,

14  Ronald Dwayne Manning, was exposed to said beryllium-containing

15  products, that Ronald Dwayne Manning, was being exposed to and

16  suffering toxic injuries from said beryllium-containing products, and

17  the cause of Plaintiff, Ronald Dwayne Manning's injuries and

18  occupational disease.

19      49.  At all material times hereto, Defendants fraudulently

20  concealed from Plaintiff that their products either were carcinogens,

21  contained carcinogenic ingredients, or contained carcinogenic

22  contaminants as a result of manufacturing processes.

23      50.  At all material times hereto, Defendants failed to

24  disclose to Plaintiff the toxic hazards of their products, which

25  Defendants were by law required to disclose to Plaintiff, Ronald

26  Dwayne Manning, pursuant to the Hazard Communication Standard and

27  pursuant to California common law.

28  //

16

COMPLAINT FOR TOXIC INJURIES

TELEPHONE (562) 437-4439
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4955

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES



F:\WP\Cases\1\5611\PLE\\DDOCX\COMPI A\NComplaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4956

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

51. Defendants' concealment was sufficiently complete that Plaintiff did not know, nor in the exercise of reasonable care could have known earlier than June 22, 2018 of Defendants' culpability, that Plaintiff, Ronald Dwayne Manning, had sustained toxic injuries, that beryllium-containing products to which Ronald Dwayne Manning was occupationally exposed had caused Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease, and other injuries, or that Plaintiff had causes of action arising from Plaintiff, Ronald Dwayne Manning's injuries.

### FIRST CAUSE OF ACTION

#### FOR NEGLIGENCE

(Against All Defendants)

52. Plaintiff refers to paragraphs 1 through 51 and, by this reference, incorporates said paragraphs hereat as though set forth in full.

53. As manufacturers, distributors, suppliers, repackagers, and others in the chain of distribution of beryllium-containing products, Defendants owed Plaintiff, Ronald Dwayne Manning, a legal duty to exercise due care in mining, producing, refining, mixing, formulating, developing, researching, casting, manufacturing, testing, inspecting, labeling, advertising, warranting, marketing, recommending, selling, distributing, and delivering beryllium-containing products to Plaintiff's places of employment.

54. Defendants negligently and carelessly produced, refined, mixed, formulated, developed, researched, casted,

17

F:\WP\Cases\1561\PLEAD\DOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4589
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

manufactured, tested, inspected, labeled, advertised, warranted, marketed, recommended, sold, distributed, and delivered the foregoing beryllium-containing products to Plaintiff's places of employment, where Plaintiff, Ronald Dwayne Manning, was exposed to said toxic beryllium-containing products.

55. Defendants also failed to adequately warn Plaintiff, Ronald Dwayne Manning, and Plaintiff's employers, of the hazards of said toxic beryllium-containing products and failed to provide adequate instructions to Plaintiff, Ronald Dwayne Manning, and Plaintiff's employers for the safe handling and use of said toxic beryllium-containing products.

56. Each of the toxic beryllium-containing products which Plaintiff, Ronald Dwayne Manning, used and each of the toxic beryllium-containing products to which Plaintiff, Ronald Dwayne Manning, was exposed, were manufactured, distributed, repackaged, supplied, and/or otherwise produced by Defendants.

57. As manufacturers, distributors, repackagers, suppliers, and/or others in the chain of production and distribution of toxic chemical products, Defendants, and each of them, owed a duty under the California Hazard Communication Standard to provide Plaintiff, Ronald Dwayne Manning, and the Plaintiff's employers with Material Safety Data Sheets (MSDS) and warning labels which adequately warned of the hazards of the foregoing products manufactured, distributed, repackaged, supplied, and/or otherwise produced by Defendants, and adequately set forth the precautions necessary to prevent such hazards from Plaintiff's use of and exposure to the foregoing products manufactured, distributed, repackaged, supplied, and/or otherwise produced by Defendants.

18



F:\WP\Cases\1156\PLEADDOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) 40X-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

58.  California Labor Code § 6390.5 is a health and safety statute enacted to protect, among others, employees in the position of Plaintiff, Ronald Dwayne Manning, and imposing on manufacturers and distributors of any hazardous substance the duty to label each container of a hazardous substance in a manner consistent with the Hazard Communication Standard.  (8 C.C.R. § 5194).

59.  The Hazard Communication Standard (8 C.C.R. §5194) is a health and safety regulation promulgated to protect, among others, employees in the position of Plaintiff, Ronald Dwayne Manning, and imposing on manufacturers and distributors of chemical products the duty to, among other things:

(a) evaluate their products to determine if they are hazardous [8 C.C.R. § 5194(d)(1)];

(b) identify and consider the available scientific evidence concerning such hazards [8 C.C.R. § 5194(d)(2) et seq.];

(c)  consider a product containing at least one percent of a component as presenting the same health hazard as that component [8 C.C.R. § 5194(d)(5)(B)];

(d) consider as carcinogenic a product containing at least 0.1% of a component which has been determined under 8 C.C.R. § 5194(d)(4) to be a carcinogen [8 C.C.R. § 5194(d)(5)(B)];

(e)  consider as hazardous a product which contains a component in a concentration of less than one percent which could be released in concentrations which would exceed the established OSHA permissible exposure limit or ACGIH Threshold Limit Value, or could present a health hazard to employees in those concentrations [8 C.C.R. § 5194(d)(5)(D)];

//

19

**COMPLAINT FOR TOXIC INJURIES**



F:\WP\Cases\1156\WPLEADDOC\COMPLAIN\Complain1.wpd

(f) consider as carcinogenic a product which contains a component which has been determined under 8 C.C.R. § 5194(d)(4) to be carcinogenic in a concentration of less than .1% which could be released in concentrations which would exceed the established OSHA permissible exposure limit or ACGIH Threshold Limit Value, or could present a health hazard to employees in those concentrations [8 C.C.R. § 5194(d)(5)(D)];

(g) ensure that each container of hazardous chemicals leaving their facilities is labeled, tagged or marked with the (I) identity of the hazardous chemical(s); (ii) appropriate hazard warnings; and (iii) the name and address of the chemical manufacturer or other responsible party [8 C.C.R. § 5194(f)(1)];

(h) obtain or develop a material safety data sheet for each hazardous substance they produced [8 C.C.R. § 5194(g)(1)];

(I) include on the material safety data sheet the chemical and common names of each hazardous substance [8 C.C.R. §5194(g)(2)(A)];

(j) include on the material safety data sheet the health hazards of the hazardous substance, including signs and symptoms of exposure, and any medical conditions which are generally recognized as being aggravated by exposure to the substance [8 C.C.R. § 5194(g)(2)(D)];

(k) include on the material safety data sheet the primary routes of entry [8 C.C.R. § 5194(g)(2)(E)];

(l) include on the material safety data sheet the OSHA permissible exposure limit, ACGIH Threshold Limit Value, and any other exposure limit used or recommended by defendants [8 C.C.R. § 5194(g)(2)(F)];

20

COMPLAINT FOR TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 439-1901
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES



F:\WP\Cases\1156\PLEADDOC\COMPLAIN\Complaint.wpd

(m) include on the material safety data sheet whether the hazardous chemical is listed in the National Toxicology Program (NTP) Annual Report on Carcinogens (latest edition) or has been found to be a potential carcinogen in the International Agency for Research on Cancer (IARC) Monographs (latest editions), or by OSHA [8 C.C.R. § 5194(g)(2)(G)];

(n) include on the material safety data sheet generally applicable precautions for safe handling and use known to defendants, including appropriate hygienic practices, protective measures during repair and maintenance of contaminated equipment, and procedures for clean-up of spills and leaks [8 C.C.R. § 5194(g)(2)(H)];

(o) include on the material safety data sheet generally applicable control measures known to defendants, such as appropriate engineering controls, work practices, or personal protective equipment [8 C.C.R. § 5194(g)(2)(I)];

(p) include on the material safety data sheet a description in lay terms, if not otherwise provided, of the specific potential health risks posed by the hazardous substance intended to alert the person reading the information [8 C.C.R. § 5194(g)(2)(M)];

(q) ensure that the information contained on material safety data sheets accurately reflects the scientific evidence used in making the hazard determination [8 C.C.R. § 5194(g)(5)];

(r) update material safety data sheets with newly-discovered significant information regarding the hazards of products and/or their components within three months [8 C.C.R. § 5194(g)(5)]; and,

//

21

COMPLAINT FOR TOXIC INJURIES

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORT.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES



F:\WP\Cases\1158\PLEAD\DOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

(s) ensure that material safety data sheets complying with the Hazard Communication Standard are provided to employers, directly or via a distributor [8 C.C.R. § 5194(g)(6) & (7).

60. Defendants are manufacturers, distributors, suppliers, repackagers, and others in the chain of production and distribution of beryllium-containing products to which Plaintiff, Ronald Dwayne Manning, was exposed in the course of employment with his employers (including those employers set forth in paragraph 39 above), including those products manufactured and supplied by Defendants as alleged above, and were obligated to comply with California Labor Code § 6390.5 and the Hazard Communication Standard (8 C.C.R. § 5194).

61. Defendants violated California Labor Code § 6390.5 and the Hazard Communication Standard (8 C.C.R. §5194) in the importation, production, and distribution of the toxic substances to which Plaintiff, Ronald Dwayne Manning, was so exposed by, among other things:

(a) failing and refusing to evaluate their products to determine if beryllium contained in their products presented a health hazard of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(d)(1)];

(b) failing and refusing to identify and consider the available scientific evidence to determine if the beryllium contained in their products presented a health hazard of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(d)(2) et seq.];

(c) failing and refusing to identify their products as presenting a health hazard of causing Chronic Beryllium Disease

22

F:\WP\Cases\11561\PLEADDOC\COMPLAIN\Complaint.wpd

even though the beryllium contained in their products presented a health hazard of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(d)(5)];

(d) failing and refusing to ensure that each container of their products was labeled, tagged or marked to (I) identity the beryllium contained in their products and (ii) appropriately warn that the beryllium contained in their products presented a health hazard of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(f)(1)];

(e) failing and refusing to obtain or develop a material safety data sheet for the beryllium contained in their products [8 C.C.R. § 5194(g)(1)];

(f) failing and refusing to include on the material safety data sheet the chemical and common names for the beryllium contained in their products [8 C.C.R. § 5194(g)(2)(A)];

(g) failing and refusing to include on the material safety data sheet that the beryllium contained in their products presented a health hazard of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(D)];

(h) failing and refusing to include on the material safety data sheet the primary routes of entry for the beryllium contained in their products in respect of the health hazard of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(E)];

(I) failing and refusing to include on the material safety data sheet the OSHA permissible exposure limit, ACGIH Threshold Limit Value, and any other exposure limit used or

23

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES



F:\WP\Cases\1561\PLEAD\DOC\COMPLAINT\Complaint.wpd

recommended by defendants for the beryllium contained in their products in respect of the health hazard of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(F)];

(j) failing and refusing to include on the material safety data sheet whether the beryllium contained in their products is listed in the National Toxicology Program (NTP) Annual Report on Carcinogens (latest edition) or has been found to be a potential carcinogen in the International Agency for Research on Cancer (IARC) Monographs (latest editions), or by OSHA [8 C.C.R. § 5194(g)(2)(G)];

(k) failing and refusing to include on the material safety data sheet generally applicable precautions for safe handling and use known to Defendants for the beryllium contained in their products in respect of preventing the health hazard of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(H)];

(l) failing and refusing to include on the material safety data sheet generally applicable control measures known to Defendants for the beryllium contained in their products in respect of preventing the health hazard of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(I)];

(m) failing and refusing to include on the material safety data sheet or otherwise the specific potential health risks posed by the beryllium contained in their products in respect of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(g)(2)(M)];

//

24

COMPLAINT FOR TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES



(n) failing and refusing to ensure that the information contained on material safety data sheets accurately reflects the scientific evidence of the health risks posed by the beryllium contained in their products in respect of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(g)(5)];

(o) failing and refusing to update material safety data sheets with newly-discovered significant information regarding the hazards of the beryllium contained in their products in respect of causing Chronic Beryllium Disease to employees using or exposed to their products [8 C.C.R. § 5194(g)(5)]; and,

(p) failing and refusing to ensure that material safety data sheets complying with the Hazard Communication Standard (including specifying the potential health risks posed by the beryllium contained in their products in respect of causing Chronic Beryllium Disease to employees using or exposed to their products) were provided to Plaintiff, Ronald Dwayne Manning's employers (including those employers set forth in paragraph 39 above), directly or via a distributor. [8 C.C.R. § 5194(g)(6) & (7)].

62.   Such duty to prepare and provide employers and employees with material safety data sheets and warning labels which adequately set forth all of the foregoing required health hazard information and use instructions, also clearly applies to manufacturers, distributors, repackagers, suppliers, and/or others in the chain of production and distribution, such as Defendants, of toxic chemical products, and other chemical products whose intended

//

//

25

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1\161\PLEADDOC\COMPLAIN\Complaint.wpd

and foreseeable downstream use by purchasers and users of the products may result in the generation and release of toxic fumes, dusts, and/or aerosols to which workers may be exposed.

63.   As a direct and proximate result of the foregoing negligent acts and omissions committed by Defendants, and as set forth in detail herein, from Plaintiff, Ronald Dwayne Manning's use of each of the foregoing toxic products manufactured, distributed, repackaged, supplied, and/or otherwise produced by Defendants, Plaintiff was thereby exposed to toxins which were contained within and released as toxic inhalants during the intended and foreseeable use of the foregoing products manufactured, distributed, repackaged, supplied, and/or otherwise produced by Defendants.

64.   Plaintiff, Ronald Dwayne Manning, was a member of the class of persons designed to be protected by California Labor Code § 6390.5 and the Hazard Communication Standard (8 C.C.R. § 5194), and Plaintiff suffers a toxic injury (i.e., Chronic Beryllium Disease, caused by exposure to toxic products in the workplace) that California Labor Code § 6390.5 and the Hazard Communication Standard (8 C.C.R. § 5194) were designed to protect against and to prevent.

65.   From his use of Defendants' beryllium-containing products, Plaintiff, Ronald Dwayne Manning, was exposed to each of the above-mentioned toxic beryllium-containing products, as well as the toxic airborne fumes, dusts, vapors, and other inhalants generated and released through Plaintiff's use of such products.

66.   Each of the toxic beryllium-containing products to which Plaintiff, Ronald Dwayne Manning, was exposed, was manufactured and/or supplied by the foregoing defendants, as set forth in the section entitled "Product Identification" above.

26

COMPLAINT FOR TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES



F:\WP\Cases\1561\PLEAD\DOC\COMPLAIN\Complaint.wpd

67. As a result of Plaintiff Ronald Dwayne Manning's exposure to the foregoing toxic beryllium-containing products, beryllium from within said toxic products entered Plaintiff, Ronald Dwayne Manning's body through inhalation.

68. Plaintiff, Ronald Dwayne Manning, suffers from a specific illness, to wit, Chronic Beryllium Disease, as well as other related and consequential injuries.

69. Each of the foregoing toxic beryllium-containing products caused Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and other injuries.

70. The beryllium that entered Plaintiff, Ronald Dwayne Manning's body from the foregoing toxic beryllium-containing products was a substantial factor in bringing about, prolonging, and aggravating Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and other injuries.

71. As a direct and proximate result of said negligent acts and omissions of Defendants, Plaintiff, Ronald Dwayne Manning, suffers from Chronic Beryllium Disease and other related and consequential medical conditions.

72. As a direct and proximate result of said negligent acts and omissions of Defendants, Plaintiff, Ronald Dwayne Manning, has been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the Court.

//
//
//
//

27

COMPLAINT FOR TOXIC INJURIES




F:\WP\Cases\11561\PLEADDOC\COMPLAN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4955

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

73.   As a direct and proximate result of said negligent acts and omissions of Defendants, Plaintiff, Ronald Dwayne Manning, has sustained lost income, and will continue to sustain loss of future income, all to Plaintiff's damage in a sum to be established according to proof.

74.   As a further direct and proximate result of the negligent actions and omissions of defendants, Plaintiff, Ronald Dwayne Manning, has suffered and will continue to suffer emotional anguish, fear of chronic beryllium disease and other beryllium-related conditions, and has suffered or will suffer pain, mental anguish, emotional distress, fear of death, increased risk of future injury and disease, fear of increased risk of future.

## SECOND CAUSE OF ACTION

### FOR STRICT LIABILITY - WARNING DEFECT

(Against All Product Defendants)

75.   Plaintiff refers to paragraphs 1 through 74 and, by this reference, incorporates said paragraphs hereat as though set forth in full.

76.   At all times mentioned herein, Defendants, and each of them, were the producers, refiners, formulators, manufacturers, marketers, sellers, distributors, wholesalers, repackagers, suppliers, and transporters of beryllium-containing products which were delivered to or used at Plaintiff's places of employment, where Plaintiff, Ronald Dwayne Manning, was exposed to them.

77.   The beryllium-containing products which Defendants produced, refined, formulated, manufactured, sold, distributed,

28



F:\WP\Cases\1561\PLE\DX\COMPLAIN.Complaint.wpd

repackaged, supplied, and delivered to Plaintiff's places of employment, were defective, because they lacked warnings adequate to apprise Plaintiff and Plaintiff's employers of their toxic hazards and their serious effects upon the human body, and they lacked instructions for handling and use adequate to prevent exposures to Plaintiff causing serious injuries and disease.

78. Plaintiff, Ronald Dwayne Manning, was exposed to each of the foregoing toxic beryllium-containing products.

79. Each of the toxic beryllium-containing products to which Plaintiff, Ronald Dwayne Manning, was exposed, was manufactured and/or supplied by the foregoing defendants, as set forth in the section entitled "Product Identification" above.

80. As a result of Plaintiff, Ronald Dwayne Manning's exposure to the foregoing toxic beryllium-containing products, beryllium within said toxic beryllium-containing products entered Plaintiff, Ronald Dwayne Manning's body.

81. Plaintiff, Ronald Dwayne Manning, suffers from a specific illness, to wit, Chronic Beryllium Disease, as well as other related and consequential injuries.

82. Each of the foregoing toxic beryllium-containing products caused Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and other injuries.

83. The beryllium that entered Plaintiff, Ronald Dwayne Manning's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and other injuries.

84. As a direct and proximate result of the defective warnings of Defendants' beryllium products, Plaintiff, Ronald Dwayne

29

COMPLAINT FOR TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE (800) XOX-TOXIC
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1561\PLEADDOC\COMPLAIN\Complaint.wpd

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4866

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Manning, suffers from Chronic Beryllium Disease and other related and consequential medical conditions.

85.   As a direct and proximate result of said defective warnings of Defendants' beryllium-containing products, Plaintiff, Ronald Dwayne Manning, has been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the Court..

86.   As a direct and proximate result of said defective warnings of Defendants' beryllium-containing products, Plaintiff, Ronald Dwayne Manning, has sustained lost income, and will continue to sustain loss of future income, all to Plaintiff's damage in a sum to be established according to proof.

87.   As a further direct and proximate result of said defective warnings of Defendants' beryllium-containing products, Plaintiff, Ronald Dwayne Manning, has suffered and will continue to suffer emotional anguish, fear of chronic beryllium disease and other beryllium-related conditions, and has suffered or will suffer pain, mental anguish, emotional distress, fear of death, increased risk of future injury and disease, fear of increased risk of future injury and disease, disfigurement, diminished quality and enjoyment of life, immune system dysregulation, and other damages, all to be established according to proof at trial.

88.   In exposing Plaintiff to said toxic beryllium-containing products, Defendants failed to warn Plaintiff of known dangers, consciously disregarded Plaintiff's safety despite knowledge of the probable dangerous consequences of the beryllium in their products, and willfully and deliberately failed to avoid said

30

COMPLAINT FOR TOXIC INJURIES

F:\WP\Cases\1156\PLEADDOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 430-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4965

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL
DISEASE, CANCER, AND TOXIC INJURIES

dangerous consequences befalling Plaintiff.  Defendants were either aware of, or culpably indifferent to, unnecessary risks of injury to Plaintiff and failed and refused to take steps to eliminate or adequately reduce the risk of said dangerous consequences to Plaintiff.  Defendants concealed known toxic hazards of their beryllium-containing products from Plaintiff, specifically by failing to warn Plaintiff of adverse toxic effects of the beryllium in their products, and such hazards were known by and such concealment was ratified by the corporate officers and managers of each of the defendants.  Defendants consciously decided to market their beryllium-containing products with knowledge of their harmful effects and without remedying the toxic effects of their products, and such marketing despite knowledge of the foregoing toxic hazards of Defendants' products was ratified by the corporate officers and managers of each of the Defendants.  Defendants also misrepresented the nature of their beryllium-containing products, by withholding information from Plaintiff regarding toxic nature of the beryllium released from their products during their anticipated or reasonably foreseeable uses, and such misrepresentation and withholding of information was ratified by the corporate officers and managers of each of the Defendants.

89.  Defendants' conduct in exposing Plaintiff to said toxic beryllium-containing products without adequate warnings of their toxic hazards and without adequate instructions for safe handling and use was despicable, malicious, oppressive, and perpetrated in conscious disregard of the rights and safety of Plaintiff, entitling Plaintiff to punitive and exemplary damages.
//

31

COMPLAINT FOR TOXIC INJURIES



F:\WP\Cases\15611\PLEAD\DOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

### THIRD CAUSE OF ACTION

### FOR STRICT LIABILITY – DESIGN DEFECT

(Against All Product Defendants)

90.   Plaintiff refers to paragraphs 1 through 89 and, by this reference, incorporates said paragraphs herein as though set forth in full.

91.   At all times mentioned herein, Defendants were producers, refiners, designers, formulators, manufacturers, marketers, sellers, distributors, wholesalers, repackagers, suppliers, and transporters of beryllium-containing products which were delivered to or used Plaintiff's places of employment, where Plaintiff, Ronald Dwayne Manning, was exposed to them.

92.   Said beryllium-containing products were defective in their design because they failed to perform as safely as an ordinary user would expect when used in an intended or reasonably foreseeable manner, because the risks of using and being exposed to Defendants' products outweighed the benefits of said products, and because safer feasible alternative designs existed which would have made Defendants' products less harmful when used as intended.

93.   Said design defects existed in Defendants' beryllium-containing products when said beryllium-containing products left Defendants' possession.

94.   As a direct and proximate result of said design defects, while using said beryllium-containing products in a manner that was reasonably foreseeable and intended by Defendants, Plaintiff was exposed to Defendants' beryllium-containing products in the course of his work as an auto mechanic, welder, installer, and

32

COMPLAINT FOR TOXIC INJURIES



F:\WP\Cases\1561\PLE\DDOC\COMPLAIN\Complaint.wpd

operator, and suffers serious injuries and disease, including Chronic Beryllium Disease and other related medical conditions.

95. Plaintiff, Ronald Dwayne Manning, was exposed to each of the foregoing toxic beryllium-containing products.

96. Each of the toxic beryllium-containing products to which Plaintiff, Ronald Dwayne Manning, was exposed, was manufactured and/or supplied by the foregoing Defendants, as set forth in the section entitled "Product Identification" above.

97. As a result of Plaintiff Ronald Dwayne Manning's exposure to the foregoing toxic beryllium-containing products, beryllium within said toxic beryllium-containing products entered Plaintiff, Ronald Dwayne Manning's body.

98. Plaintiff, Ronald Dwayne Manning, suffers from a specific illness, to wit, Chronic Beryllium Disease, as well as other related and consequential injuries.

99. Each of the foregoing toxic beryllium-containing products caused Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and other injuries.

100. The beryllium that entered Plaintiff, Ronald Dwayne Manning's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and other injuries.

101. As a direct and proximate result of the defective design of Defendants' beryllium-containing products, Plaintiff, Ronald Dwayne Manning, suffers from Chronic Beryllium Disease and other related and consequential medical conditions.

102. As a direct and proximate result of the defective design of Defendants' beryllium-containing products, Plaintiff,

33

TELEPHONE (562) 437-4499
TOLL-FREE (562) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1591\PLEAD\DOC\COMPLAIN\Complaint.wpd

Ronald Dwayne Manning, has been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the Court.

103.   As a direct and proximate result of the defective design of Defendants' products, Plaintiff, Ronald Dwayne Manning, has sustained lost income, and will continue to sustain loss of future income, all to Plaintiff's damage in a sum to be established according to proof.

104.   As a direct and proximate result of the defective design of Defendants' products, Plaintiff, Ronald Dwayne Manning, has suffered and will continue to suffer emotional anguish, fear of chronic beryllium disease and other beryllium-related conditions, and has suffered or will suffer pain, mental anguish, emotional distress, fear of death, increased risk of future injury and disease, fear of increased risk of future injury and disease, disfigurement, diminished quality and enjoyment of life, immune system dysregulation, and other damages, all to be established according to proof at trial.

105.   In exposing Plaintiff to said toxic beryllium-containing products, Defendants failed to warn Plaintiff of known dangers, consciously disregarded Plaintiff's safety despite knowledge of the probable dangerous consequences of the beryllium in their products, and willfully and deliberately failed to avoid said dangerous consequences befalling Plaintiff. Defendants were either aware of, or culpably indifferent to, unnecessary risks of injury to Plaintiff and failed and refused to take steps to eliminate or adequately reduce the risk of said dangerous consequences to

34

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1156\PLEADDOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE 1-877-TOX-TORT
TELECOPIER (562) 435-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

Plaintiff.   Defendants concealed known toxic hazards of their beryllium-containing products from Plaintiff, specifically by failing to warn Plaintiff of adverse toxic effects of the beryllium in their products, and such hazards were known by and such concealment was ratified by the corporate officers and managers of each of the defendants.   Defendants consciously decided to market their beryllium-containing products with knowledge of their harmful effects and without remedying the toxic effects of their products, and such marketing despite knowledge of the foregoing toxic hazards of Defendants' products was ratified by the corporate officers and managers of each of the Defendants.   Defendants also misrepresented the nature of their beryllium-containing products, by withholding information from Plaintiff regarding toxic nature of the beryllium released from their products during their anticipated or reasonably foreseeable uses, and such misrepresentation and withholding of information was ratified by the corporate officers and managers of each of the Defendants.

106.   Defendants' conduct in exposing Plaintiff to said toxic beryllium-containing products without adequate warnings of their toxic hazards and without adequate instructions for safe handling and use was despicable, malicious, oppressive, and perpetrated in conscious disregard of the rights and safety of Plaintiff, entitling Plaintiff to punitive and exemplary damages.

//
//
//
//
//

35

COMPLAINT FOR TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL IN-JURY
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Cases\1561\PLEADDOCS\COMPLAIN\Complaint.wpd

## FOURTH CAUSE OF ACTION

### FOR FRAUDULENT CONCEALMENT

#### (Against All Product Defendants)

107.   Plaintiff refers to paragraphs 1 through 106 and, by this reference, incorporates said paragraphs herein in full.

108.   At all times mentioned herein, Defendants were the producers, formulators, manufacturers, sellers, distributors, wholesalers, suppliers, and transporters of beryllium-containing products which were delivered to or used at Plaintiff's places of employment, where Plaintiff, Ronald Dwayne Manning, was exposed to them.

109.   Defendants' beryllium-containing products to which Plaintiff was exposed are toxic, immunotoxic, and fibrogenic to the respiratory system, and are also carcinogenic.

110.   Defendants were aware of the toxic, immunotoxic, fibrogenic and carcinogenic nature of their products.

111.   Pursuant to the Hazard Communication Standard and California common law, Defendants were under a legal duty to fully disclose the toxic, immunotoxic, fibrogenic and carcinogenic properties of their products directly to Plaintiff.

112.   Defendants also owed a duty to disclose the toxic properties of their products to Plaintiff, Ronald Dwayne Manning, because Defendants alone had knowledge of material facts, to wit the toxic properties of their products, which were not accessible to Plaintiff.

113.   Defendants also owed a duty to disclose the toxic properties of their products to Plaintiff, Ronald Dwayne Manning,

36



F:\WP\Cases\\1\A\PH EAR\DOC\COMPLAIN-Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

because Defendants made representations regarding their products, but failed to disclose additional facts which materially qualify the facts disclosed, and/or which rendered the disclosures made likely to mislead Plaintiff.

114.   Notwithstanding their knowledge of the toxic, immunotoxic, fibrogenic and carcinogenic properties of their beryllium-containing products, at all material times hereto, Defendants concealed said toxic hazards from Plaintiff, Ronald Dwayne Manning, so that Plaintiff, Ronald Dwayne Manning, would use Defendants' beryllium-containing products.

115.   Plaintiff, Ronald Dwayne Manning, unaware of the toxic, immunotoxic, fibrogenic and carcinogenic hazards of Defendants' beryllium-containing products and would not have acted as he did had he known of said concealed hazards.

116.   As a direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their beryllium-containing products, Plaintiff, Ronald Dwayne Manning, was exposed to Defendants beryllium-containing products in the course of his employment at facilities where he performed work as an auto mechanic, welder, installer, and operator, and has suffered serious injuries and disease, including Chronic Beryllium Disease and other related medical conditions.

117.   Plaintiff, Ronald Dwayne Manning, was exposed to each of the foregoing toxic beryllium-containing products.

118.   Each of the toxic beryllium-containing products to which Plaintiff, Ronald Dwayne Manning, was exposed, was manufactured and/or supplied by the foregoing Defendants, as set forth in the section entitled "Product Identification" above.

37

F:\WP\Cases\1561\PLEADDOC\COMPLAIN\Complaint.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 435-1656
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

119. As a result of Plaintiff Ronald Dwayne Manning's exposure to the foregoing toxic beryllium-containing products, beryllium within said toxic beryllium-containing products entered Plaintiff, Ronald Dwayne Manning's body.

120. Plaintiff, Ronald Dwayne Manning, suffers from a specific illness, to wit, Chronic Beryllium Disease, as well as other related and consequential injuries.

121. Each of the foregoing toxic beryllium-containing products caused Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and other injuries.

122. The beryllium that entered Plaintiff, Ronald Dwayne Manning's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and other injuries.

123. As a direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their beryllium-containing products, Plaintiff, Ronald Dwayne Manning, suffers from Chronic Beryllium Disease and other related and consequential medical conditions

124. As a direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their beryllium-containing products, Plaintiff, Ronald Dwayne Manning, has been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the Court.

125. As a direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their beryllium-containing products, Plaintiff, Ronald Dwayne Manning, has sustained

38



F:\WP\Cases\1561\PLEAD\COC\COMPLAIN.Complaint.wpd

lost income, and will continue to sustain loss of future income, all to Plaintiff's damage in a sum to be established according to proof.

126.   As a further direct and proximate result of Defendants' fraudulent concealment of the toxic hazards of their beryllium-containing products, Plaintiff, Ronald Dwayne Manning, has suffered and will continue to suffer emotional anguish, fear of chronic beryllium disease and other beryllium-related conditions, and has suffered or will suffer pain, mental anguish, emotional distress, fear of death, increased risk of future injury and disease, fear of increased risk of future injury and disease, disfigurement, diminished quality and enjoyment of life, immune system dysregulation, and other damages, all to be established according to proof at trial.

127.   In exposing Plaintiff to said toxic beryllium-containing products, Defendants failed to warn Plaintiff of known dangers, consciously disregarded Plaintiff's safety despite knowledge of the probable dangerous consequences of the beryllium in their products, and willfully and deliberately failed to avoid said dangerous consequences befalling Plaintiff. Defendants were either aware of, or culpably indifferent to, unnecessary risks of injury to Plaintiff and failed and refused to take steps to eliminate or adequately reduce the risk of said dangerous consequences to Plaintiff. Defendants concealed known toxic hazards of their beryllium-containing products from Plaintiff, specifically by failing to warn Plaintiff of adverse toxic effects of the beryllium in their products, and such hazards were known by and such concealment was ratified by the corporate officers and managers of each of the defendants. Defendants consciously decided to market their

39

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES



F:\WP\Cases\1501\PLEAD\DOC\COMPLAINT\Complaint.wpd

beryllium-containing products with knowledge of their harmful effects and without remedying the toxic effects of their products, and such marketing despite knowledge of the foregoing toxic hazards of Defendants' products was ratified by the corporate officers and managers of each of the Defendants. Defendants also misrepresented the nature of their beryllium-containing products, by withholding information from Plaintiff regarding toxic nature of the beryllium released from their products during their anticipated or reasonably foreseeable uses, and such misrepresentation and withholding of information was ratified by the corporate officers and managers of each of the Defendants.

128.  Defendants' conduct in exposing Plaintiff to said toxic beryllium-containing products without adequate warnings of their toxic hazards and without adequate instructions for safe handling and use was despicable, malicious, oppressive, and perpetrated in conscious disregard of the rights and safety of Plaintiff, entitling Plaintiff to punitive and exemplary damages.

### FIFTH CAUSE OF ACTION

#### FOR BREACH OF IMPLIED WARRANTIES

(Against All Product Defendants)

129.  Plaintiff refers to paragraphs 1 through 128 and, by this reference, incorporates said paragraphs herein as though set forth in full.

130.  Defendants were the producers, formulators, manufacturers, sellers, distributors, wholesalers, suppliers, and transporters of beryllium-containing products which were delivered

40

COMPLAINT FOR TOXIC INJURIES

TELEPHONE (562) 437-4499
TOLL-FREE 1-800-TOXTORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Casa\1551\PI.FJ\DOC\COMPLAINT\Complaint.wpd

to or used at Plaintiff's places of employment, where Plaintiff, Ronald Dwayne Manning, was exposed to them.

131. Defendants' beryllium-containing products to which Plaintiff was exposed are toxic.

132. By placing their beryllium-containing products in the stream of commerce, Defendants impliedly warranted that their beryllium-containing products were reasonably fit for their intended uses, that their beryllium-containing products were of merchantable quality, that they were not defective, that they would function as safely as ordinary users would expect when used in an intended or reasonably foreseeable manner, and that they would not cause serious disease, harm, or death.

133. Defendants, and each of them, breached said implied warranties, because their toxic beryllium-containing products were not reasonably fit for their intended uses, were not of merchantable quality, were defective, and failed to function as safely as an ordinary user would expect when used in an intended or reasonably foreseeable manner, and caused serious injuries to Plaintiff, Ronald Dwayne Manning, to wit, Chronic Beryllium Disease and the other injuries described herein.

134. Plaintiff, Ronald Dwayne Manning, was exposed to each of the foregoing toxic beryllium-containing products.

135. Each of the toxic beryllium-containing products to which Plaintiff, Ronald Dwayne Manning, was exposed, was manufactured and/or supplied by the foregoing Defendants, as set forth in the section entitled "Product Identification" above.

136. As a result of Plaintiff Ronald Dwayne Manning's exposure to the foregoing toxic beryllium-containing products,

41

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES



F:\WP\Cases\1561\PLEADOOC\COMPLAIN\Complaint.wpd

beryllium within said toxic beryllium-containing products entered Plaintiff, Ronald Dwayne Manning's body.

137.   Plaintiff, Ronald Dwayne Manning, suffers from a specific illness, to wit, Chronic Beryllium Disease, as well as other related and consequential injuries.

138.   Each of the foregoing toxic beryllium-containing products caused Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and other injuries.

139.   The beryllium that entered Plaintiff, Ronald Dwayne Manning's body was a substantial factor in bringing about, prolonging, and aggravating Plaintiff, Ronald Dwayne Manning's Chronic Beryllium Disease and other injuries.

140.   As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiff, Ronald Dwayne Manning, suffers serious injuries and disease, including Chronic Beryllium Disease and other related and consequential medical conditions

141.   As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiff, Ronald Dwayne Manning, has been required to expend money and incur obligations for medical and related expenses in an amount not yet determined but which is well in excess of the jurisdictional minimum of the Court.

142.   As a direct and proximate result of Defendants' breaches of implied warranties, Plaintiff, Ronald Dwayne Manning, has sustained lost income, and will continue to sustain loss of future income, all to Plaintiff's damage in a sum to be established according to proof.

143.   As a further direct and proximate result of Defendants' breaches of implied warranties, Ronald Dwayne Manning,

42

COMPLAINT FOR TOXIC INJURIES



F:\WPCases\1161\PLEADD\OCOMPLAIN\Complaint.wpd

has suffered and will continue to suffer emotional anguish, fear of chronic beryllium disease and other beryllium-related conditions, and has suffered or will suffer pain, mental anguish, emotional distress, fear of death, increased risk of future injury and disease, fear of increased risk of future injury and disease, disfigurement, diminished quality and enjoyment of life, immune system dysregulation, and other damages, all to be established according to proof at trial.

### PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For general damages in a sum in excess of the minimum jurisdictional amount of the court;

2.  For medical expenses and incidental expenses related thereto according to proof;

3.  For loss of earnings and loss of earning capacity according to proof;

4.  For increased risk of future injury and disease, and fear of such, according to proof;

5.  For diminished quality and enjoyment of life, according to proof;

6.  For loss of years of life, according to proof;

7.  For other consequential damages for other injuries as they are ascertained, according to proof;

8.  For punitive and exemplary damages according to proof.

9.  For pre- and post-judgment interest allowed by law;

10. For Plaintiff' costs of suit incurred herein; and,

43

TELEPHONE (562) 437-4499
TOLL-FREE (877) 325-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

F:\WP\Case\1561\PLEADDOC\COMPLAINT\Complaint.wpd

11. For such other relief as may be proper and just.

DATED: September 4, 2019
                METZGER LAW GROUP
                A PROFESSIONAL LAW CORPORATION

                RAPHAEL METZGER, ESQ.
                CAROLYN ORR, ESQ.
                Attorneys for Plaintiff,
                RONALD DWAYNE MANNING

## DEMAND FOR JURY TRIAL

Pursuant to Cal. Code of Civil Procedure § 600 et seq. (and Rule 38 of the Federal Rules of Civil Procedure should this case ever be removed to federal court), Plaintiff hereby demand trial by jury of all issues which may be tried to a jury.

DATED: September 4, 2019
                METZGER LAW GROUP
                A Professional Law Corporation

                RAPHAEL METZGER, ESQ.
                CAROLYN ORR, ESQ.
                Attorneys for Plaintiff,
                RONALD DWAYNE MANNING

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

44

COMPLAINT FOR TOXIC INJURIES

# EXHIBIT "B"

8/2/19 1:50 pm

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

COPY
SUM-100
Endorsed

**FILED**
SUPERIOR COURT OF CALIFORNIA

SEP 06 2019

COUNTY OF TEHAMA
KEVIN HARRIGAN, CLERK OF THE COURT
BY _____ REBECCA AYALA, DEPUTY

**NOTICE TO DEFENDANT:** ARCONIC INC., formerly known as
*(AVISO AL DEMANDADO):* Alcoa Inc., a Delaware
corporation; MATERION BRUSH INC., formerly known as
Brush Wellman, Inc., an Ohio corporation; U.S.
MINERALS, INC., a Delaware corporation; WABCO
HOLDINGS, INC., as successor-in-interest to Meritor
Wabco Vehicle Control Systems, a Delaware
corporation; and DOES 1 through 120, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:** RONALD DWAYNE MANNING
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>1740 Walnut Street<br><br>Red Bluff 96080 | CASE NUMBER:<br>*(Número del Caso)*<br>19CI000219 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carolyn M. Orr, Esq. (SBN 299372)      (562) 437-4499   (562) 436-1561
METZGER LAW GROUP
401 E. Ocean Blvd., Suite 800
Long Beach, CA 90802

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* SEP 06 2019 | Kevin Harrigan<br>Clerk of the Court<br>Clerk, by<br>*(Secretario)* REBECCA AYALA | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* MATERION BRUSH INC., formerly known as Brush Wellman, Inc., an Ohio corporation

   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]
SEAL

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

 CT Corporation

**Service of Process Transmittal**
10/02/2019
CT Log Number 536362537

TO:    Chris Eberhardt
       Materion Corporation
       6070 Parkland Blvd Ste 1
       Mayfield Heights, OH 44124-4191

RE:    **Process Served in California**

FOR:   Materion Brush Inc.  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ronald Dwayne Manning, Pltf. vs. ARCONIC INC., etc., et al., Dfts. // To: MATERION BRUSH INC., etc. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Notice(s), Statement |
| **COURT/AGENCY:** | Tehama County - Superior Court - Red Bluff, CA<br>Case # 19CI000219 |
| **NATURE OF ACTION:** | Breach Of Implied Warranties |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/02/2019 at 14:10 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Calendar Days After This Summons And Legal Papers Are Served On You |
| **ATTORNEY(S) / SENDER(S):** | CAROLYN M. ORR, ESQ.<br>METZGER LAW GROUP<br>401 E. OCEAN BLVD., SUITE 800<br>LONG BEACH, CA 90802<br>562-437-4499 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780135203254<br><br>Email Notification,  MIKE SOLECKI  mjsolecki@jonesday.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Page 1 of  1 / JS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT "C"

*Endorsed*

1   SHELDON J. WARREN, No. 096668
    DANI H. ROGERS, No. 130640
2   **LAW OFFICES OF SHELDON J. WARREN,**
    **a Professional Law Corporation**
3   P. O. Box 30220
    Long Beach, California 90853
4   Telephone:     562.433.9688
    Facsimile:     562.433.9711
5

6   Attorneys for Defendant
    MATERION BRUSH INC.
7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF TEHAMA

10

11  RONALD DWAYNE MANNING,              No. 19CI000219
                                        [Action Filed 09/06/2019]
12              Plaintiff,
                                        [HON. MATTHEW C. MCGLYNN – DEPT. 5]
13        v.

14  ARCONIC INC., formerly known as
    Alcoa., a Delaware corporation;     DEFENDANT MATERION BRUSH INC.'S
15  MATERION BRUSH INC., formerly       ANSWER TO PLAINTIFF'S UNVERIFIED
    known as Brush Wellman, Inc., an    COMPLAINT FOR TOXIC INJURIES
16  Ohio corporation; U.S. MINERALS,    ASSERTING CAUSES OF ACTION FOR
    INC., a Delaware corporation;       NEGLIGENCE, STRICT LIABILITY –
17  WABCO HOLDINGS, INC., as            FAILURE TO WARN, STRICT LIABILITY –
    successor-in-interest to Meritor Wabco  DESIGN DEFECT, FRAUDULENT
18  Vehicle Control Systems, a Delaware CONCEALMENT AND BREACH OF IMPLIED
    corporation; and DOES 1 Through     WARRANTIES; DEMAND FOR JURY TRIAL
19  120, INCLUSIVE,

20              Defendants.             TRIAL DATE: NONE

21

22

23        **COMES NOW** defendant MATERION BRUSH INC. and in answer to

24  plaintiff's unverified Complaint For Toxic Injuries Asserting Causes of Action For

25  Negligence, Strict Liability - Failure To Warn, Strict Liability - Design Defect, Fraudulent

26  Concealment and Breach of Implied Warranties ("Complaint") on file herein, and by

27  virtue of the provisions of California Code of Civil Procedure, § 431.30, now files its

28  general denial to said Complaint and denies each and every, all and singularly, generally

{00019766.DOC}

and specifically, all the allegations as contained therein, and each cause of action thereof, and further denies that plaintiff has been damaged in any sum, or at all, as a result of any act or omission on the part of this defendant, or on the part of this defendant's agents, servants or employees.

I

## FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:

That plaintiff was careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence on the part of plaintiff proximately contributed to the happening of the incident and to the injuries, loss and damage complained of, if any, sustained by plaintiff, and that the plaintiff's recovery should therefore be reduced to the extent of plaintiff's negligence.

II

## FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:

That the plaintiff knew, or in the exercise of ordinary care, should have known, of the risks and hazards involved in the undertaking in which he was engaged, but nevertheless, and knowing these things, did freely and voluntarily consent to assume the risks and hazards incident to said operations, acts and conduct at the time and place mentioned in said Complaint.

III

## FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION ALLEGED THEREIN, AND BY WAY OF ALLEGING THE DOCTRINE OF *WITT v. JACKSON* (1961) 57 Cal.2d 57, THIS RESPONDING DEFENDANT ALLEGES:

{00019766.DOC}

-2-

1   That at the time and place of the happening of the occurrences alleged in the
2   Complaint, and at all times material herein, plaintiff RONALD DWAYNE MANNING
3   was employed and while working within the course and scope of his employment said
4   employers of plaintiff were subject to the provisions of the Workers' Compensation Act
5   of the State of California; that certain sums have been paid to, or on behalf of plaintiff
6   herein, under the applicable provisions of said Act; that said employers were negligent
7   and careless and that such negligence and carelessness proximately contributed to and
8   caused the injuries to plaintiff; that by these premises any award made to plaintiff, if any
9   award is made at all, must be reduced by any payment made to plaintiff by his employers
10  or those employers' workers' compensation carriers.

11                                          IV

12  **FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO**
13  **THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION**
14  **ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:**

15  That plaintiff RONALD DWAYNE MANNING's employers were
16  contributorily negligent and careless in and about the matters alleged in the Complaint,
17  and that such negligence and carelessness was a proximate cause of any injuries and
18  damages suffered by plaintiff, if any such injuries and damages there were.

19                                          V

20  **FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO**
21  **THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION**
22  **ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:**

23  That plaintiff RONALD DWAYNE MANNING's employers voluntarily
24  and knowingly entered into and engaged in the operations, acts and conduct alleged in
25  said Complaint, and voluntarily and knowingly assumed all the risks incident to said
26  operation, acts and conduct alleged in said Complaint.

27  ////

28  ////

{00019766.DOC}

-3-

**VI**

**FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:**

The product in question was properly designed and manufactured, and was fit for the purpose intended; that the injury, damage or loss, if any, sustained by the plaintiff, were due to, and proximately caused by, the misuse, abuse and misapplication of the product described in said Complaint.

**VII**

**FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:**

That the plaintiff is barred from recovery herein, because of modifications, alterations or changes in some other manner, of the products alleged in plaintiff's Complaint.

**VIII**

**FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:**

That plaintiff's Complaint does not state facts sufficient to constitute a cause of action against this answering defendant.

**IX**

**FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:**

That plaintiff RONALD DWAYNE MANNING and/or his employers were and are sophisticated users and knew independently, or should have known, of any dangers or hazards associated with the use of the products described in the Complaint.

{00019766.DOC}

-4-

DEFENDANT MATERION BRUSH INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR TOXIC INJURIES. ETC.: DEMAND FOR JURY TRIAL

X

## FOR AN TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:

That said Complaint, and each cause of action alleged therein, is subject to the provisions of Proposition 51, the Fair Responsibility Act of 1986, California Civil Code, § 1431.1 through § 1431.5. Liability of this answering defendant to plaintiff, if any, for non-economic damages, if any, as defined in Civil Code § 1431.2(b)(2), shall be several only and shall not be joint with each or any other party, person or entity. This answering defendant shall be liable only for the amount of said non-economic damages, if any, allocated to this answering defendant in direct proportion to this answering defendant's percentage of fault, if any.

XI

## FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:

That the Complaint does not state facts sufficient to constitute a cause of action in that the Complaint is barred by the statute of limitations; to wit, by any and all of the sections of the California Code of Civil Procedure contained in Part II, Title II, Chapter 3 of said Code beginning with § 335 and continuing through § 349¾, and specifically, but not limited to, § 335.1 and 340.8.

XII

## FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:

The injuries and damages alleged by plaintiff, which are denied, were actually and proximately caused or contributed by the acts, omissions and/or products of the plaintiff and/or other persons over whom this defendant has no control, and for whose

{00019766.DOC}

-5-

1  conducts, omissions and products this defendant is not responsible or liable; therefore, this

2  defendant requests that in the event of liability, whether by settlement or judgment, in

3  favor of any party against this defendant, an apportionment of fault be made by the Court

4  or jury as to all parties; and this defendant requests a judgment and declaration of partial

5  or total indemnification and contribution against all other parties in accordance with said

6  apportionment of fault.

7  XIII

8  **FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

9  **TO THE COMPLAINT, AND TO EACH AND EVERY CAUSE OF ACTION**

10  **ALLEGED THEREIN, THIS RESPONDING DEFENDANT ALLEGES:**

11      Defendant MATERION BRUSH INC. alleges that plaintiff's request for

12  punitive damages violates the Due Process Clause of the 14th Amendment to the U.S.

13  Constitution, as set forth in *State Farm v. Campbell,* 123 S.Ct. 1513 (2003).

14      MATERION BRUSH INC. reserves the right to assert additional affirmative

15  defenses as the evidence developed during discovery warrants.

16      **WHEREFORE,** it is prayed that nothing be recovered by reason of the

17  Complaint and that a judgment be awarded to MATERION BRUSH INC. for defense

18  costs herein incurred, and for all such other relief this Court considers proper.

19

20  Dated:  October 30, 2019

21

22          LAW OFFICES OF SHELDON J. WARREN

23

24          By_____

25          SHELDON J. WARREN
        Attorneys for Defendant
        MATERION BRUSH INC.

26  ////

27  ////

28  ////

{00019766.DOC}

DEFENDANT MATERION BRUSH INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR TOXIC
INJURIES, ETC.; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Defendant MATERION BRUSH INC. hereby demands a trial by jury in the above-entitled action.

Dated:  October 30, 2019

LAW OFFICES OF SHELDON J. WARREN

By _____
SHELDON J. WARREN
Attorneys for Defendant
MATERION BRUSH INC.

{00019766.DOC}

-7-

1    *RONALD DWAYNE MANNING v. ARCONIC INC., ET AL.*
2    Tehama County Superior Court, Case No. 19CI000219

3                    AFFIDAVIT OF SERVICE BY MAIL

4                    I declare that I am employed in the County of LOS ANGELES, California.
     I am over the age of eighteen years and not a party to the within cause; my business
5    address is P. O. Box 30220, Long Beach, California 90853.  On October 30, 2019, I
     served the enclosed:

6         DEFENDANT MATERION BRUSH INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED
7            COMPLAINT FOR TOXIC INJURIES ASSERTING CAUSES OF ACTION FOR
          NEGLIGENCE, STRICT LIABILITY – FAILURE TO WARN, STRICT LIABILITY –
8              DESIGN DEFECT, FRAUDULENT CONCEALMENT AND BREACH OF
                  IMPLIED WARRANTIES; DEMAND FOR JURY TRIAL

9    on the parties in said cause (listed below) by enclosing a true copy thereof in a sealed
     envelope, together with an unsigned copy of this affidavit and, following ordinary
10   business practices, said envelope was placed for mailing and collection (in the Law
     Offices of Sheldon J. Warren) in the appropriate place for mail collected for deposit with
11   the United States Postal Service.  I am readily familiar with the Firm's practice for
     collection and processing of correspondence/documents for mailing with the United States
12   Postal Service and that said correspondence/documents are deposited with the United
     States Postal Service in the ordinary course of business on the same day.  I am aware that
13   on motion of the party served, service is presumed invalid if postal cancellation date or
     postage meter date is more than one day after date of deposit for mailing in affidavit.
14

15   Raphael Metzger, Esq.
16   METZGER LAW GROUP
     401 E. Ocean Blvd., Suite 800
17   Long Beach, CA 90802
     Telephone: (562) 437-4499
18   Facsimile: (562) 436-1561

19   Attorney for Plaintiff RONALD DWAYNE MANNING

20                    I declare under penalty of perjury that the foregoing is true and correct, and
     that this declaration was executed on October 30, 2019, at Long Beach, California.
21

22

23                    NORMA L. BODMAN

24

25

26

27

28
{00019767.DOC}

# EXHIBIT "D"

F:\WP\CASES\1156\\DISC-DOC\DAMAGES.ST\Initial Statement of Damages.wpd

TELEPHONE (562) 437-4499
TOLL-FREE (877) TOX-TORT
TELECOPIER (562) 436-1561
WWW.TOXICTORTS.COM

1  METZGER LAW GROUP
   A PROFESSIONAL LAW CORPORATION
2  RAPHAEL METZGER, ESQ., SBN 116020
   CAROLYN M. ORR, ESQ., SBN 299372
3  401 E. OCEAN BLVD., SUITE 800
   LONG BEACH, CA  90802-4966
4  TELEPHONE:  (562) 437-4499
   TELECOPIER: (562) 436-1561
5
6  Attorneys for Plaintiff,
   RONALD DWAYNE MANNING
7

**FILED**
SUPERIOR COURT OF CALIFORNIA

SEP 06 2019

COUNTY OF TEHAMA
KEVIN HARRIGAN, CLERK OF THE COURT
BY _____ DEPUTY

LAW OFFICES OF
RAPHAEL METZGER
A PROFESSIONAL LAW CORPORATION
401 EAST OCEAN BOULEVARD, SUITE 800
LONG BEACH, CALIFORNIA 90802-4966

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF TEHAMA

10

11  RONALD DWAYNE MANNING          )  CASE NO. 19CI000219
                                   )
12              Plaintiff,         )  PLAINTIFF'S  INITIAL  STATEMENT
                                   )  OF DAMAGES
13        vs.                      )
                                   )
14  ARCONIC INC., formerly known as )
    Alcoa   Inc.,   a   Delaware   )
15  corporation;  MATERION  BRUSH  )
    INC.,  formerly  known  as  Brush )
16  Wellman,   Inc.,   an   Ohio   )
    corporation;   U.S.   MINERALS, )
17  INC.,  a  Delaware  corporation; )
    WABCO  NORTH  AMERICA  INC.,  as )
18  successor-in-interest to Meritor )
    Wabco Vehicle Control Systems, a )
19  Delaware corporation; and DOES 1 )
    through 100, INCLUSIVE,         )
20                                  )
                                    )
21              Defendants.         )
    _____ )

22

23

24

25

26

27

28

PRACTICE CONCENTRATED IN TOXIC
TORT & ENVIRONMENTAL LITIGATION
OCCUPATIONAL & ENVIRONMENTAL LUNG
DISEASE, CANCER, AND TOXIC INJURIES

                PLAINTIFF'S INITIAL STATEMENT OF DAMAGES

F:\WP\Cases\1156\DISC-DOC\DAMAGES STM\Initial Statement of Damages.wpd

Plaintiff, RONALD DWAYNE MANNING, hereby submits a Statement of Damages as follows:

1.   General damages consisting of pain and suffering, caused by the incident, and other injuries described in the complaint on file herein, in the sum of $5,000,000.

2.   Special damages, consisting of medical expenses to date, totaling approximately $1,5000; estimated cost of future medical care, totaling approximately $2,000,000; and estimated loss of future earning capacity, totaling approximately $500,000.

3.   Punitive damages in the sum of $3,000,000.

DATED: September 4, 2019

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION

RAPHAEL METZGER, ESQ.
CAROLYN ORR, ESQ.
Attorneys for Plaintiff,
RONALD DWAYNE MANNING

1

**PLAINTIFF'S INITIAL STATEMENT OF DAMAGES**

# EXHIBIT "E"

FILED
TEHAMA SUPERIOR COURT

2019 OCT 30  PM 3: 13

CLERK OF THE COURT
Jessica Torres Quintero
DEPUTY

Endorsed

1  Jennifer K. Stinnett, Esq. (SBN 228209)
   Richard V. De Gruccio, Esq. (SBN 214679)
2  CHRISTENSEN HSU SIPES LLP
   2485 Natomas Park Drive, Suite 315
3  Sacramento, CA 95833
   Tel.: (916) 443-6909 / Fax: (916) 313-0645
4  jennifer@chs.law
   richard@chs.law
5
6  Attorneys for Defendant, U.S. MINERALS, INC.
7
8              SUPERIOR COURT OF CALIFORNIA
9                 COUNTY OF TEHAMA
10
11 RONALD DWAYNE MANNING,          )  Case No.: 19CI000219
                                   )
12              Plaintiff,         )  DEFENDANT U.S. MINERALS, INC.
                                   )  ANSWER TO COMPLAINT FILED BY
13 vs.                            )  PLAINTIFF RONALD DWAYNE
                                   )  MANNING
14 ARCONIC, INC., formerly known as Alcoa, )
   Inc., a Delaware corporation; MATERION )
15 BRUSH, INC., formerly known as Brush )
   Wellman, Inc., an Ohio corporation; U.S. )
16 MINERALS, INC., a Delaware corporation; )
   WABCO HOLDINGS, INC., as successor- )
17 in-interest to Meritor Wabco Vehicle Control )
   Systems, a Delaware corporation; and DOES )
18 1 through 120, INCLUSIVE,      )
                                   )
19              Defendants.        )  Complaint Filed: September 6, 2019
                                   )
20
21        Defendant, U.S. MINERALS, INC., for itself alone and severing itself from all other

22 Defendants (hereinafter "this answering Defendant"), hereby answers the Complaint of Plaintiff,

23 RONALD DWAYNE MANNING (hereinafter referenced as "Plaintiff"), as follows:

24                          **GENERAL DENIAL**

25        1.     Under the provisions of *Code of Civil Procedure* § 431.30, this answering

26 Defendant denies both generally and specifically each and every allegation contained in the

27 Complaint filed against it, and the whole thereof, and each and every purported cause of action

28 contained therein and denies that Plaintiff sustained damages as alleged in any sum or sums, or at
                                        -1-
   DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD
                                DWAYNE MANNING

CHRISTENSEN HSU SIPES LLP

BY FAX

1  all, by reason of any alleged act, breach or omission on the part of this answering Defendant.

2.  By way of further answer to the Complaint, this answering Defendant denies that it was negligent, breached any duty owed or any warranty made, or that any act or omission on its part, or on the part of its agents, servants or employees imputable or attributable to them, caused any injuries to Plaintiff, or any entitlement to relief as pled in the Complaint by Plaintiff, whether as alleged in the Complaint, or otherwise, or at all.

## AFFIRMATIVE DEFENSES

## FIRST, SEPARATE AND ÁFFIRMATIVE DEFENSE

3.  As a first, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant alleges by way of plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a legal cause of the alleged injuries and damages, if any, and that if this answering Defendant is found to have been negligent, and if Plaintiff is entitled to recover damages against this answering Defendant by virtue of the Complaint, this answering Defendant prays that said recovery be diminished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

## SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

4.  As a second, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant alleges by way of a plea of comparative negligence that Plaintiff or other defendants or individuals were negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a legal cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if the Plaintiff is entitled to recover damages against this answering Defendant by virtue of the Complaint, this answering Defendant prays that said recovery be diminished or extinguished by reason of the negligence of the Plaintiff, other defendants, or other individuals or entities in proportion to the degree of fault attributable to the Plaintiff, other defendants, or other individuals or entities.

## THIRD, SEPARATE AND AFFIRMATIVE DEFENSE

5.  As a third, separate and affirmative defense to the Complaint, and each cause of

-2-

DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING

CHRISTENSEN HSU SIPES LLP

action thereof, this answering Defendant alleges that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by Plaintiff was directly and legally caused and contributed to by the negligence of certain third parties in that the said third parties did not exercise proper or necessary care or control over Plaintiff at about the time of the happening of the incident complained of.

### FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE

6.     As a fourth, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant alleges that Plaintiff had knowledge of the risks and hazards involved in the activity at the time and place of the alleged incident and voluntarily engaging therein thereby assumed the risks and hazards thereof.

### FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE

7.     As a fifth, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant alleges that if the Plaintiff is entitled to a joint judgment against this answering Defendant and the remaining defendants, and each of them, this answering Defendant prays that this Court order each of the judgment debtors to pay to the Plaintiff their proportionate share of the joint judgment.  The judgment debtor's proportionate share having been determined by the trier of fact; and if this answering Defendant is required to pay to the Plaintiff a disproportionate share of any joint judgment, this answering Defendant prays leave of this Court to seek contribution by motion against any other judgment debtor not paying the proportionate share allocated to any such defendant by the trier of fact.

### SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE

8.     As a sixth, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a cause of action against this answering Defendant.

### SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

9.     As a seventh, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant alleges that as a result of the matter alleged, Plaintiff has received and will continue to receive insurance compensation benefits from his employer or

-3-

DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING

CHRISTENSEN HSU SIPES LLP

its insurance carrier, or both, in an amount not yet definitely ascertained and determined; that the total amount of said payments are not yet known to this answering Defendant and leave of court will be sought to amend this answer when the amount is determined; that by virtue of the *Labor Code* §§3850 and 3852, and related sections said employer and its insurance carrier are subrogated to the rights of the Plaintiff for any and all monies the Plaintiff may receive from this answering Defendant up to the amount paid to said Plaintiff; that the injuries and damages arose as a direct and legal result of the negligence and carelessness of the employer, and the employer and its insurance carrier are not entitled to reimbursement for monies paid or to be paid to Plaintiff; and in the event of any judgment in favor of the Plaintiff and against this answering Defendant, it should be reduced by the amounts paid or to be paid by the employer or its insurance carrier. (*See Witt v. Jackson* (1961) 57 Cal.2d 57.)

## EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE

10.    As an eighth, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant alleges that the injuries sustained, if any, were either wholly or in part, negligently caused by persons, firms, corporations, or entities other than this answering Defendant, and said negligence is either imputed to the Plaintiff, by reason of the relationship of said parties to the Plaintiff and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering Defendant.

## NINTH, SEPARATE AND AFFIRMATIVE DEFENSE

11.    As a ninth, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant alleges that the Complaint and all causes of action therein are extinguished by the statute of limitations including but not limited to the provisions of the *Code of Civil Procedure* §§ 335.1, 336, 336a, 337, 337.1, 337.15, 337.2, 337.5, 338, 338.1, 339, 339.5, 340, 340.1, 340.10, 340.15, 340.2, 340.3, 340.35, 340.4, 340.5, 340.6, 340.7, 340.8, 340.9, 341, 341a, 341.5, 342, 343, 345, 346, 349.1, 349.2, and 349 ¾, *et seq.*

## TENTH, SEPARATE AND AFFIRMATIVE DEFENSE

12.    As a tenth, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant is informed and believes and thereon alleges that, if, in

-4-

DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING

fact, the Plaintiff was damaged in any manner whatsoever, that said damage, if any, was a direct and legal result of the intervening and superseding actions on the part of other parties, and not this answering Defendant, and that such intervening and superseding actions of said other parties bars recovery herein on behalf of the Plaintiff.

### ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

13.   As an eleventh, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant is informed and believes, and therefore alleges, that this answering Defendant is entitled to a right of indemnification by apportionment against all other parties and persons whose negligence contributed legally to the happening of the claimed incident or the alleged injuries.

### TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE

14.   As a twelfth, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant is informed and believes, and therefore alleges, that this answering Defendant is entitled to a right of contribution from the defendants or any person whose negligence legally contributed to the happening of the claimed incident or alleged injuries if the Plaintiff should receive a verdict against this answering Defendant.

### THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

15.   As a thirteenth, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant alleges that any injury, damages or loss suffered by the Plaintiff was legally caused by the Plaintiff's failure to use reasonable means to prevent aggravation to the Plaintiff's condition(s) and to use reasonable means to mitigate damages to the Plaintiff.

### FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

16.   As a fourteenth, separate and affirmative defense to the Complaint, the Plaintiff is barred from recovery on this action as he lacks standing to pursue this litigation.

### FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

17.   As a fifteenth, separate and affirmative defense to the Complaint, and each cause of action thereof, this answering Defendant alleges that liability, if any, for all non-economic

-5-

DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING

CHRISTENSEN HSU SIPES LLP

1  damages shall be allocated in direct proportion to each tortfeasor's percentage of fault.  *Civil*

2  *Code* §1431, *et seq.*

3  ### SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

4  18.  As a sixteenth, separate and affirmative defense to the Complaint, the Plaintiff is

5  barred from recovery in this action as he lacks the capacity to pursue this litigation.

6  ### SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

7  19.  As a seventeenth, separate and affirmative defense to the Complaint, the

8  Plaintiff's alleged damages, if any, were and are wholly or partially the legal result of the

9  Plaintiff's or other person's and/or entity's negligence and are thus to be reduced in accordance

10  with the law of comparative negligence.

11  ### EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

12  20.  As an eighteenth, separate and affirmative defense to the Complaint, the conduct

13  of this answering Defendant was passive, derivative and secondary in nature, while the conduct

14  of Plaintiff and other persons and/or entities was active and primary.  Recovery for damages or

15  injuries, if any, sustained by Plaintiff is diminished, barred and/or reduced by its affirmative and

16  primary negligence, and precludes any right to indemnity from this answering Defendant.

17  ### NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

18  21.  As a nineteenth, separate and affirmative defense to the Complaint at all times

19  herein mentioned, this answering Defendant was ready, willing and able to perform the

20  conditions of the alleged contracts, obligations or agreements, if any, but was prevented and

21  continue to be prevented from performance by Plaintiff and/or entities contracting on

22  his/her/their/its behalf.

23  ### TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE

24  22.  As a twentieth, separate and affirmative defense to the Complaint, there is no

25  privity as between this answering Defendant and Plaintiff.

26  ### TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE

27  23.  As a twenty-first, separate and affirmative defense to the Complaint, Plaintiff is

28  barred from recovery for the obligations referred to in the Complaint which are nonexistent, not

-6-

DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING

CHRISTENSEN HSU SIPES LLP

contracted for, and outside the contract, obligations, or agreements, if any, between the parties or any of them.

### TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

24. As a twenty-second, separate and affirmative defense to the Complaint, Plaintiff is estopped by his conduct from bringing this action against this answering Defendant.

### TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE

25. As a twenty-third, separate and affirmative defense to the Complaint, Plaintiff is barred from bringing this action against this answering Defendant by the doctrine of laches.

### TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE

26. As a twenty-fourth, separate and affirmative defense to the Complaint, Plaintiff is barred by his conduct from bringing this action as against this answering Defendant by the doctrine of unclean hands.

### TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE

27. As a twenty-fifth, separate and affirmative defense to the Complaint, Plaintiff should be responsible for all of this answering Defendant's necessary and reasonable defense costs, including attorney's fees, as set forth in California *Code of Civil Procedure* §§ 128.5 and 1038, *et seq.* because the Complaint was brought by Plaintiff without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the Complaint against this answering Defendant.

### TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE

28. As a twenty-sixth, separate and affirmative defense to the Complaint, the obligations complained of in Plaintiff's Complaint have been extinguished by novation.

### TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

29. As a twenty-seventh, separate and affirmative defense to the Complaint, since the injury herein resulted from an act or omission of an independent contractor, this answering Defendant is not liable except to the extent it would be liable if the act or omission were done by this answering Defendant's employees.

///

-7-

DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING

CHRISTENSEN HSU SIPES LLP

## TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE

30.     As a twenty-eighth, separate and affirmative defense to the Complaint, the damages sustained by Plaintiff, if any, were the result of an unavoidable accident insofar as this answering Defendant is concerned, and occurred without any negligence, want of care, default, or other breach of duty to Plaintiff on the part of this answering Defendant.

## TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE

31.     As a twenty-ninth, separate and affirmative defense to the Complaint, Plaintiff is barred from recovery on this action as Plaintiff intentionally, knowingly and willfully consented to the act which is the subject of the within action brought by Plaintiff against this answering Defendant.

## THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE

32.     As a thirtieth, separate and affirmative defense to the Complaint, at all times pertinent to the Complaint, this answering Defendant did not have any knowledge of any peculiar susceptibility of Plaintiff to damage or injury from mental anguish.  Plaintiff's Complaint seeks damages for injuries for mental anguish with which a reasonable person, normally constituted, would have been able to adequately cope.

## THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE

33.     As a thirty-first, separate and affirmative defense to the Complaint, the damages sustained by Plaintiff, if any, was proximately caused by the acts, omissions, negligence, fraud, and/or breach of obligations/duties by person(s) other than this answering Defendant and beyond this answering Defendant's supervision and control.

## THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

34.     As a thirty-second, separate and affirmative defense to the Complaint, this answering Defendant did not have actual or constructive notice of the dangerous condition a sufficient time before the accident within which measures could have been taken to protect against the allegedly dangerous condition.

## THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE

35.     As a thirty-third, separate and affirmative defense to the Complaint, at all relevant

-8-

1  times this answering Defendant did not owe any duty of care to the Plaintiff, or to others as the
2  purported dangerous condition was open and obvious to Plaintiff and others in the exercise of
3  due and reasonable care.

### THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE

36.   As a thirty-fourth, separate and affirmative defense to the Complaint, the alleged
incident(s) upon which the Plaintiff's case is based was wholly unrelated to this answering
Defendant's actions/omissions.   Although the injuries and damages of which the Plaintiff
complains were a foreseeable consequence of the reckless and negligent actions of Plaintiff and
other defendants and individuals, such reckless and negligent actions were wholly unforeseeable
and unpredictable by this answering Defendant and were entirely beyond this answering
Defendant's control.   Such reckless and negligent actions of the Plaintiff and other defendants
and individuals were intervening and superseding acts and this answering Defendant cannot be
held as the proximate or actual cause of the alleged incident, nor of Plaintiff's alleged resulting
injuries and damages.

### THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE

37.   As a thirty-fifth, separate and affirmative defense to the Complaint, the type of
injury allegedly posed by the actions of this answering Defendant was not of the type of injury
that Plaintiff allegedly sustained.

### THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE

38.   As a thirty-sixth, separate and affirmative defense to the Complaint, this
answering Defendant alleges that at all times and places mentioned in this Complaint, Plaintiff
and/or other persons without this answering Defendant's knowledge and approval redesigned,
modified, altered, and used this answering Defendant's product(s) contrary to instructions and
contrary to the custom and practice of the industry.   This redesign, modification, alteration, and
use so substantially changed the product's(s') character that if there was a defect in the product(s)
– which is specifically denied – such defect resulted solely form the redesign, modification,
alteration, or other such treatment or change and not from any act or omission by this answering
Defendant.   Therefore, said defect, if any, was created by Plaintiff and/or other persons, as the

-9-

CHRISTENSEN HSU SIPES LLP

1   case may be, and was the direct and proximate cause of the injuries and damages, if any, that

2   Plaintiff allegedly suffered.

### THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

39.   As a thirty-seventh, separate and affirmative defense to the Complaint, this answering Defendant is informed and believes, and upon such information and belief alleges, that if Plaintiff and/or other parties herein suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by superseding actions of other parties, either served or unserved, and not this answering Defendant, and such strict liability, breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness and negligence of said other parties bars recovery of Plaintiff herein.

### THIRTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE

40.   As a thirty-eighth, separate and affirmative defense to the Complaint, this answering Defendant is informed and believes, and upon such information and belief alleges, that at all relevant times, Plaintiff [and/or others] acted [or failed to act] in such an unforeseeable manner and, in such an inappropriate and improper manner, such conduct was beyond reasonable prediction and was not reasonably foreseeable.

### THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE

41.   As a thirty-ninth, separate and affirmative defense to the Complaint, this answering Defendant alleges that the beryllium-containing products, if any, for which it may have legal responsibility were installed, labeled, assembled, serviced, supplied, manufactured, designed, packaged, distributed, marketed, and/or sold in accordance with contract specifications imposed by its co-defendants, by the U.S. government, by Plaintiff and/or Plaintiff's employers and by third parties yet to be identified.

### FORTIETH SEPARATE AND AFFIRMATIVE DEFENSE

42.   As a fortieth, separate and affirmative defense to the Complaint, to the extent that Plaintiff receives collateral source payments before the trial of this action, this answering Defendant reserves its right to move for a reduction of the same to those amounts that were incurred and reasonably necessary, as well as reduced to the amount that was actually paid [rather

-10-

DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING

CHRISTENSEN HSU SIPES LLP

than invoiced].

### FORTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

43.   As a forty-first, separate and affirmative defense to the Complaint, at all times pertinent to the Complaint, this answering Defendant did not have any knowledge of any peculiar susceptibility of Plaintiff to damage or injury from emotional distress.  Plaintiff's Complaint seeks damages for injuries for emotional distress with which a reasonable person, normally constituted, would have been able to adequately cope.

### FORTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

44.   As a forty-second, separate and affirmative defense to the Complaint, this answering Defendant alleges that the Plaintiff acknowledged, ratified, consented to and acquiesced in the alleged acts or omissions, if any, of this answering Defendant, thus barring Plaintiff from any relief as prayed for herein.

### FORTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

45.   As a forty-third, separate and affirmative defense to the Complaint, the Plaintiff knowingly and voluntarily waived by verbal expression and/or conduct, any known rights which he may have had against this answering Defendant.

### FORTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

46.   As a forty-fourth, separate and affirmative defense to the Complaint, this answering Defendant alleges that any loss, injury or damage incurred by Plaintiff was legally caused by the negligent or willful acts or omissions of parties including other defendants, whom this answering Defendant neither controlled nor had the right to control, and was not legally caused by any acts, omissions, or other conduct of this answering Defendant.

### FORTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

47.   As a forty-fifth, separate and affirmative defense to the Complaint, this answering Defendant alleges on information and belief that Plaintiff and/or other persons or entities other than this answering Defendant misused and/or failed to properly maintain the product that is the subject of this action, thereby causing and/or contributing the damages, if any, alleged in the Complaint.

-11-

CHRISTENSEN HSU SIPES LLP

## FORTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

48.     As a forty-sixth, separate and affirmative defense to the Complaint, this answering Defendant is informed and believes and therefore alleges that Plaintiff is unable to identify the actual manufacturer or manufacturers of the products which allegedly caused the injury which forms the basis of the Complaint herein, and that said manufacturers were entities other than this answering Defendant. Therefore, this answering Defendant may not be held liable for the injury of the Plaintiff.

## FORTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

49.     As a forty-seventh, separate and affirmative defense to the Complaint, Plaintiff's claim for damages [and resultant damages, if any] should be wholly negated and/or reduced due to his failure to take reasonable steps to protect his own safety after becoming aware of unsafe conditions, a danger at the project site, or the like.

## FORTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE

50.     As a forty-eighth, separate and affirmative defense to the Complaint, at all relevant times this answering Defendant did not owe any duty of care to the Plaintiff, or to others and is thus not liable for any claimed damages.

## FORTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE

51.     As a forty-ninth, separate and affirmative defense to the Complaint, this answering Defendant alleges that Plaintiff, and Plaintiff's employer, were and are sophisticated users and knew independently or reasonably should have known of any danger or hazard associated with the use of a product containing beryllium and of exposure to high levels of dust of any sort. As a sophisticated user(s), Plaintiff's employer(s) failure to warn Plaintiff and failure to prevent Plaintiff's exposure to the allegedly toxic products were intervening or superseding causes of the harms alleged by the Plaintiff such that this answering Defendant may not be held liable for the injury of the Plaintiff. This answering Defendant further alleges that it warned the Plaintiff and/or Plaintiff's employer(s) of the danger or hazard associated with the use of its product and that Plaintiff and/or Plaintiff's employer(s) failed to rely upon such warning resulting in alleged damages due to Plaintiff, and Plaintiff's employer's, act or omission and

-12-

CHRISTENSEN HSU SIPES LLP

1  failure to act as sophisticated users.

2  ## FIFTIETH, SEPARATE AND AFFIRMATIVE DEFENSE

3      52.    As a fiftieth, separate and affirmative defense to the Complaint, this answering

4  Defendant alleges that at all times alleged in the Complaint the products alleged to have caused

5  Plaintiff's injuries were designed, manufactured, sold, distributed, labeled and advertised in

6  compliance with the then existing state of the art in the industry to which this answering

7  Defendant belonged and furthermore, that the benefits of any such product design outweighed

8  any risk of danger in the design and that any such product met the safety expectations of Plaintiff

9  and the general public.

10  ## FIFTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE

11      53.    As a fifty-first, separate and affirmative defense to the Complaint, there was no

12  negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or

13  reckless disregard of the rights of the Plaintiff, or malice (actual, legal, or otherwise) on the part

14  of this answering Defendant as to the Plaintiff herein.

15  ## FIFTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

16      54.    As a fifty-second, separate and affirmative defense to the Complaint, the Plaintiff,

17  prior to the filing of this Complaint, never informed this answering Defendant, by notification or

18  otherwise, of any breach of express and/or implied warranties; consequently, his claims of breach

19  of express and/or implied warranties against this answering Defendant are barred.

20  ## FIFTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE

21      55.    As a fifty-third, separate and affirmative defense to the Complaint, this answering

22  Defendant alleges that to the extent the amount of punitive damages sought is unconstitutionally

23  excessive under the United States Constitution, it violates the Excessive Fines Clause of the

24  Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clause of the Fourteenth

25  Amendment, U.S. Const, amend XIV, section 1.

26  ## FIFTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE

27      56.    As a fifty-fourth, separate and affirmative defense to the Complaint, this

28  answering Defendant alleges that Plaintiff's claim for punitive damages impermissibly seeks a

-13-

CHRISTENSEN HSU SIPES LLP

DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING

1  multiple award of punitive damages as against this answering Defendant in violation of the
2  following clauses: the Contracts Clause of [*13]  Article I, section 10 of the United States
3  Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States
4  Constitution; the Due Process Clause of the Fourteenth Amendment of the United States
5  Constitution and its counterpart under the California Constitution; the Equal Protection of the
6  laws and Due Process provision of the Fifth and Fourteenth Amendments of the United States
7  Constitution and Article I, section 7 of the California Constitution; and the Equal Protection of
8  the laws and defendant's right to be free of Cruel and Unusual Punishment and Excessive Fines
9  as guaranteed under the Fifth, Eighth and Fourteenth Amendments to the United States
10 Constitution and Article I, section 7 and 17, Article IV, section 16 of the California Constitution.

## FIFTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE

12    57.    As a fifty-fifth, separate and affirmative defense to the Complaint, this answering
13 Defendant alleges that punitive damages are barred by the Constitutions of the United States and
14 California by virtue of their violation of one or more of the following clauses: the Contracts
15 Clause of Article I, section 10 of the United States Constitution; the Excessive Fines Clause of
16 the [*14]  Eighth Amendment of the United States Constitution; the Due Process Clause of the
17 Fourteenth Amendment of the United States Constitution and its counterpart under the California
18 Constitution; the Equal Protection of the laws and due process provision of the Fifth and
19 Fourteenth Amendments of the United States Constitution and Article I, section 7 of the
20 California Constitution; and the Equal Protection of the laws and defendant's right to be free of
21 Cruel and Unusual Punishment and Excessive Fines as guaranteed under the Fifth, Eighth and
22 Fourteenth Amendments to the United States Constitution and Article I, section 7 and 17, and
23 Article IV, section 16 of the California Constitution.

## FIFTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE

25    58.    As a fifty-sixth, separate and affirmative defense to the Complaint, this answering
26 Defendant alleges that at all times and places mentioned in the Complaint, Plaintiff and/or other
27 persons used this answering Defendant's products, if indeed any were used, in an unreasonable
28 manner, not reasonably foreseeable to this answering Defendant, and for a purpose for which the

-14-

CHRISTENSEN HSU SIPES LLP

1    products were not intended, manufactured or designed. Plaintiff's injuries and damages, if any,

2    were therefore directly and proximately caused by his misuse and abuse of such products.

3    ## FIFTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

4        59.    As a fifty-seventh, separate and affirmative defense to the Complaint, this

5    answering Defendant alleges that any exposure of Plaintiff to this answering Defendant's product

6    or products, which exposure is vigorously denied, was so minimal as to be insufficient to

7    establish a reasonable degree of probability that the product or products caused his claimed

8    injuries and illness.

9    ## FIFTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE

10       60.    As a fifty-eighth, separate and affirmative defense to the Complaint, this

11   answering Defendant alleges that it is not responsible for the product line or items which Plaintiff

12   claims that it manufactured, distributed or sold. Rather, this answering Defendant asserts that

13   another entity manufactured, distributed and sold this product line and is legally responsible

14   therefore.

15   ## FIFTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE

16       61.    As a fifty-ninth, separate and affirmative defense to the Complaint, this answering

17   Defendant alleges that Plaintiff's recovery against this answering Defendant is barred,

18   diminished or reduced in that the product(s) or equipment, if any, utilized by Plaintiff was altered

19   or changed from the original condition of said product(s) or equipment at the time it left the

20   possession and control of this answering Defendant.

21   ## SIXTIETH, SEPARATE AND AFFIRMATIVE DEFENSE

22       62.    As a sixtieth, separate and affirmative defense to the Complaint, this answering

23   Defendant alleges without admitting any liability whatsoever that, in light of relevant factors, on

24   balance the benefits of any product design, development, packaging, labeling, manufacturing,

25   compounding, and/or distributing in question outweigh the risk of danger, if any, inherent in said

26   design, development, packaging, labeling, manufacturing, compounding, and/or distributing.

27   ///

28   ///

-15-

CHRISTENSEN HSU SIPES LLP

1

## SIXTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE

2    63.    As a sixty-first, separate and affirmative defense to the Complaint, this answering

3  Defendant without admitting that any of its products were ever sold or supplied to Plaintiff or his

4  employer(s), this answering Defendant avers that Plaintiffs' claims and remedies may be limited

5  by a disclaimer of warranty and limitation of remedy as set forth in the labels and sales

6  documentation concerning the products in question.

7

## SIXTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

8    64.    As a sixty-second, separate and affirmative defense to the Complaint, this

9  answering Defendant avers that, assuming, without admitting, Plaintiff was injured by any

10  product formulated, manufactured or distributed by this answering Defendant, this answering

11  Defendent did not breach any duty to Plaintiff and is not liable for these injuries or for Plaintiff's

12  claimed damages because the products, when formulated, manufactured and distributed,

13  conformed to the then current state of the art, and because the then current state of medical,

14  scientific and industrial knowledge, art, and practice was such that this answering Defendant did

15  not and could not know that the product might pose a risk of harm in normal and foreseeable use.

16

## SIXTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE

17    65.    As a sixty-third, separate and affirmative defense to the Complaint, this answering

18  Defendant avers, without waiving any denial or affirmative defense set forth herein, that Plaintiff

19  and others failed to preserve the physical condition and integrity of evidence essential to the

20  adequate and proper defense of this answering Defendant, including but not limited to the

21  chemicals and products identified in Plaintiff's Complaint and the packaging and documentation

22  accompanying those chemicals and products, that such spoliation of evidence has damaged this

23  answering Defendant, and that such conduct on the part of Plaintiff and others precludes recovery

24  of damages from this answering Defendant.

25

## SIXTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE

26    66.    As a sixty-fourth, separate and affirmative defense to the Complaint, this

27  answering Defendant avers, without admitting any liability, that the products alleged in the

28  Complaint were designed, developed, packaged, labeled, manufactured, compounded, and/or

-16-

CHRISTENSEN HSU SIPES LLP

1   distributed to perform, and did perform, as safely as an ordinary consumer would expect when

2   used in an intended or reasonably foreseeable manner. This answering Defendant further avers

3   that Plaintiff was not an ordinary consumer of its products and/or does not have reasonable

4   widely held expectations regarding the safety of the products. As such, Plaintiff is barred from

5   recovery against this answering Defendant.

### SIXTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE

7       67.     As a sixty-fifth, separate and affirmative defense to the Complaint, this answering

8   Defendant without admitting any liability, alleges that to the extent it sold any goods to

9   Plaintiff's current or former employers, this answering Defendant excluded or modified any

10  implied warranty of merchantability therein by expressly stating to the purchasers that there was

11  no implied warranty of merchantability on the goods sold, and/or that the implied warranty of

12  merchantability was limited only to the fact that the goods would conform to the promises or

13  affirmations of fact made on their containers.

### SIXTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE

15      68.     As a sixty-sixth, separate and affirmative defense to the Complaint, this answering

16  Defendant has insufficient knowledge or information on which to form a belief as to whether it

17  may have additional, as yet unstated, affirmative defenses available.  This answering Defendant

18  reserves its right to assert additional affirmative defenses in the event that discovery indicates that

19  same would be appropriate.

20      **WHEREFORE**, this answering Defendant prays for judgment in its favor and against

21  Plaintiff as follows:

22      1.     That Plaintiff take nothing by way of his Complaint, and that the same be

23  dismissed as against this answering Defendant;

24      2.     That in the event Plaintiff should recover a judgment as against this answering

25  Defendant, any liability and damages to be paid by this answering Defendant shall be limited to

26  that percentage of fault actually attributable to this answering Defendant;

27  ///

28  ///

-17-

DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD
DWAYNE MANNING

CHRISTENSEN HSU SIPES LLP

3.   That the Court award this answering Defendant its costs of suit, including investigation and reasonable attorneys' fees incurred herein under California *Civil Code* § 1717 and California *Code of Civil Procedure* §§ 128.5, 1021, 1021.6 and 1038, incurred herein.

4.   For such other and further relief as this Court deems appropriate.

DATED: October 30, 2019           CHRISTENSEN HSU SIPES LLP


By:_____
JENNIFER K. STINNETT, ESQ.
RICHARD V. DE GRUCCIO, ESQ.
Attorneys for Defendant, U.S. MINERALS, INC.

-18-
DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING

*Re:*     *Manning v. Arconic, et al.*
          *Tehama County Superior Court Case No: 19CI000219*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

    I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 2485 Natomas Park Drive, Suite 315, Sacramento, California 95833.

    On October 30, 2019, I served a true and correct copy of the following document(s) **DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING** on the interested parties:

| | |
|---|---|
| Raphael Metzger, Esq.<br>Carolyn M. Orr, Esq.<br>METZGER LAW GROUP<br>401 E. Ocean Blvd, Suite 800<br>Long Beach, CA 90802-4966<br>Tel: (562) 437-4499<br>Fax: (562) 436-1561<br>rmetzger@toxictorts.com<br>corr@toxictorts.com | **Attorneys for Plaintiff**<br>RONALD DWAYNE MANNING |
| Sheldon J. Warren, Esq.<br>LAW OFFICES OF SHELDON J. WARREN, APLC<br>6201 E. Bayshore Walk<br>Long Beach, CA 90803<br>Tel: (562) 433-9688<br>swarren@swarrenlaw.com | **Attorneys for Defendant**<br>MATERION BRUSH, INC. |

(X)    ***UNITED STATES MAIL (C.C.P. §§ 1013A, et seq.):*** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

    I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

    Executed on October 30, 2019 in Sacramento, California.


_____
Susan J. Olsson

-19-

DEFENDANT U.S. MINERALS, INC. ANSWER TO COMPLAINT FILED BY PLAINTIFF RONALD DWAYNE MANNING

1  René P. Tatro (SBN 78383)
   David B. Sadwick (SBN 126268)
2  Juliet A. Markowitz (SBN 164038)
   TATRO TEKOSKY SADWICK LLP
3  333 S. Grand Avenue, Suite 4270
   Los Angeles, CA  90071
4  Telephone:    (213) 225-7171
   Facsimile:    (213) 225-7151
5  Email: renetatro@ttsmlaw.com
          dsadwick@ttsmlaw.com
6          jmarkowitz@ttsmlaw.com

7  Attorneys for Defendant Arconic Inc.

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF TEHAMA

11

12  RONALD DWAYNE MANNING,            )   Case No.   19CI000219
                                      )
13                      Plaintiff,    )   **ANSWER OF ARCONIC INC. TO**
                                      )   **COMPLAINT**
14          v.                        )
                                      )
15  ARCONIC INC., et al.,             )   Complaint Filed: September 6, 2019
                                      )
16                      Defendants.   )

17

18

19          Defendant Arconic Inc. ("Arconic") answers the unverified Complaint ("Complaint")

20  filed by plaintiff Ronald Dwayne Manning ("Plaintiff") as follows:

21                          **GENERAL DENIAL**

22          1.      Pursuant to the provisions of Section 431.30 of the California Code of Civil

23  Procedure, Arconic generally and specifically denies each and every allegation of the

24  Complaint, and further denies that Plaintiff has sustained any damages in the sum or sums

25  alleged, or any other sums, or at all. Further answering the Complaint and the whole thereof,

26  Arconic denies that Plaintiff has sustained any injury, damage or loss by reason of, as a result

27  of, or arising out of any act or omission to act, error, negligence or breach of any obligation on

28  the part of Arconic.

---

                                      1
            ANSWER OF ARCONIC, INC. TO COMPLAINT

BY FAX

## AFFIRMATIVE DEFENSES

2.     As separate and distinct affirmative defenses to the Complaint and to each and every cause of action therein, without admitting any of the allegations of the Complaint, and without suggesting or conceding that it has the burden of proof on any such defenses, Arconic alleges the following separate and independent affirmative defenses. Arconic specifically reserves the right to assert any other affirmative defense, the existence of which is acquired through discovery, investigation, or at the trial of this action.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

3.     The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief may be granted against Arconic.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

4.     The Complaint, and each cause of action alleged therein, may be barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, Code of Civil Procedure §§ 335.1, 338, 340.8, 343 and Cal. Comm. Code § 2725.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Join Indispensable Parties)

5.     The Complaint, and each cause of action alleged therein, may be barred, in whole or in part, for failure to join all persons or parties necessary for a full and just adjudication of Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

#### (No Duty and/or No Breach of Duty)

6.     The Complaint, and each cause of action alleged therein, may be barred, in whole or in part, because Arconic owed no duty of care to Plaintiff at all times relevant to the allegations in the Complaint. Arconic complied with applicable laws and regulations, and acted in a careful, reasonable, and prudent manner.

/ / /

2

ANSWER OF ARCONIC INC. TO COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

(Comparative Negligence/Fault)

7.      The Complaint, and each cause of action alleged therein, may be barred, in whole or in part, by the doctrine of comparative negligence or comparative fault, in that Plaintiff's own negligent or intentional acts contributed to or caused the alleged damages or injuries about which Plaintiff complains. Plaintiff's recovery, if any, should therefore be reduced in proportion to Plaintiff's comparative negligence or comparative fault.

**SIXTH AFFIRMATIVE DEFENSE**

(Third Party Comparative Fault)

8.      Plaintiff's damages and injuries, if any, were proximately caused or contributed to, in whole or in part, by the negligence, fault, lack of reasonable care or other acts and/or omissions of persons or entities other than Arconic, for which Arconic is not responsible and over which it had no control or supervision.  Plaintiff's recovery, if any, should therefore be reduced in proportion to the comparative fault of such persons or entities other than Arconic.

**SEVENTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

9.      The Complaint, and each cause of action alleged therein, may be barred, in whole or in part, because Plaintiff knew, may have known, or should have known, of the hazards and conditions about which Plaintiff complains, and appreciated the danger thereof. Plaintiff may have voluntarily assumed the risk of his actions, and any recovery should be barred in accordance with the doctrines of express or implied assumption of the risk.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Causation)

10.     The Complaint, and each cause of action alleged therein, may be barred, in whole or in part, because no act or omission of Arconic or by any entity for which Arconic may be responsible was the legal or proximate cause of any of the damages or injuries alleged by Plaintiff.

/ / /

**NINTH AFFIRMATIVE DEFENSE**

(Independent, Intervening, or Superseding Causes)

11. The Complaint, and each cause of action alleged therein, may be barred, in whole or in part, because independent, intervening, and superseding forces and/or actions of third parties or Plaintiff may have proximately caused or contributed to his alleged losses or damages, if any, thereby barring recovery from Arconic in whole or in part.

**TENTH AFFIRMATIVE DEFENSE**

(Due Care)

12. The Complaint, and each cause of action alleged therein, may be barred, in whole or in part, because Arconic exercised due care with respect to any and all of the products at issue in the Complaint, taking into consideration the characteristics of such products, and took precautions against the foreseeable acts or omissions of any third parties and the consequences the could foreseeably result from such acts or omissions.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Joint and Several Liability Improper)

13. Plaintiff's Complaint fails to state a claim or set forth facts sufficient to support a finding of joint and several liability of Arconic. If Arconic is liable for any of Plaintiff's alleged damages or injuries, which Arconic denies, Arconic is liable for only its several share.

**TWELFTH AFFIRMATIVE DEFENSE**

(Apportionment of Fault)

14. The injuries allegedly sustained by Plaintiff, in whole or in part, may have been the direct and proximate result of the acts, omissions, negligence, or wrongdoing of other persons or entities such that those other persons or entities are principally, primarily, or solely responsible for Plaintiff's alleged injuries. Arconic's liability, if any, should therefore be apportioned, denied, or reduced according to the degree of fault attributable to said other persons or entities.

/ / /

/ / /

4

ANSWER OF ARCONIC INC. TO COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Laws)

15.     At the time of the alleged events and injuries, Plaintiff was employed by a person or persons other than Arconic, may have been entitled to receive workers' compensation benefits from such employers or their insurers, and such employers were negligent and careless in and about the matters referenced in the Complaint. The lack of reasonable care or other wrongful conduct by such employers was the sole cause of, or contributed to, Plaintiff's alleged injuries and damages. Plaintiff's recovery from Arconic, if any, therefore must be reduced to the extent Plaintiff can receive, may receive, could have received, or has received workers' compensation benefits paid by or on behalf of such employers.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Misuse of Product)

16.     Plaintiff may have abused or misused the products at issue in the Complaint without the knowledge or consent of, and in a manner not reasonably foreseeable to, Arconic. By reason thereof, Plaintiff may be barred, in whole or in part, from recovering damages from Arconic, and Arconic's liability to Plaintiff, if any, should be apportioned, denied, or reduced accordingly.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Alteration of Product)

17.     If Arconic manufactured or supplied any product alleged to have been defective, unsafe, unmerchantable, or dangerous, such product was altered or changed from its original condition at the time it left the possession and control of Arconic. At the time any such product left the possession and control of Arconic, it was not in any way defective.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Sophisticated Purchaser)

18.     If Arconic manufactured or supplied any product alleged to have been defective, unsafe, unmerchantable, or dangerous, Arconic provided such product to intermediaries,

**ANSWER OF ARCONIC INC. TO COMPLAINT**

1  including Plaintiff's employer(s), who were knowledgeable, informed and sophisticated
2  concerning the use of the product and the alleged risks to the health of users of such product.

3  ### SEVENTEENTH AFFIRMATIVE DEFENSE

4  (Adequate Warning)

5  19.   If Arconic supplied any product alleged to have been defective, unsafe,
6  unmerchantable, or dangerous, Arconic provided such product to intermediaries, including
7  Plaintiff's employers, with labels, instructions and warnings adequate to warn individuals such
8  as Plaintiff and/or his employers, about and against the hazards and dangers, if any, associated
9  with the use of such product as were known by the scientific community at the time Arconic
10  provided such product. Moreover, Arconic was and is entitled to rely on Plaintiff's employers
11  to adequately warn their employee-users (such as Plaintiff) of the dangers, if any, posed by any
12  product manufactured or supplied by Arconic.

13  ### EIGHTEENTH AFFIRMATIVE DEFENSE

14  (State of the Art)

15  20.   If Arconic supplied any product alleged to have been defective, unsafe,
16  unmerchantable, or dangerous, any such product provided by Arconic conformed to all
17  applicable industry standards and met the state of the art existing at the time.

18  ### NINETEENTH AFFIRMATIVE DEFENSE

19  (Product Merchantable and Fit for Use)

20  21.   At all relevant times, when the product at issue left Arconic's control, the
21  product was of merchantable quality and fit for ordinary and intended use, not defective or
22  unreasonably dangerous.

23  ### TWENTIETH AFFIRMATIVE DEFENSE

24  (Failure to Mitigate Damages)

25  22.   Plaintiff may have failed to exercise reasonable efforts to minimize or avoid any
26  damages which are alleged to have been caused by Arconic. By reason thereof, Plaintiff may be
27  barred, in whole or in part, from recovering damages from Arconic, and Arconic's liability to
28  Plaintiff, if any, should be apportioned, denied, or reduced accordingly.

6

ANSWER OF ARCONIC INC. TO COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Speculative Damages)

23.     Some or all of Plaintiff's alleged damages and/or injuries are impermissibly remote and speculative, thereby barring Plaintiff from recovery for such damages and/or injuries.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unforeseeable Conditions)

24.     Plaintiff's alleged damages and/or injuries, if any, were legally caused or contributed to by Plaintiff's unforeseeable, idiosyncratic conditions, unusual susceptibility and/or hypersensitive reactions, for which Arconic is not liable.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Pre-Existing Condition)

25.     Plaintiff's alleged damages or injuries may have been caused by Plaintiff's unrelated, pre-existing condition(s), for which Arconic is not liable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Laches, Estoppel, and/or Unclean Hands)

26.     The Complaint, and each cause of action alleged therein, may be barred, in whole or in part, by the doctrines of laches, estoppel, and/or unclean hands.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Consent/Waiver)

27.     The Complaint, and each cause of action alleged therein, may be barred, in whole or in part, by the doctrines of consent and/or waiver.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reasonable Conduct)

28.     The Complaint, and each cause of action alleged therein, is barred in whole or in part because Arconic has, during the relevant period of time, acted reasonably and without fault.

/ / /

ANSWER OF ARCONIC INC. TO COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (No Extreme or Outrageous Conduct)

29.    To the extent that Plaintiff sustained injury or damage, which Arconic denies, such injury or damage was not caused by any extreme or outrageous conduct or actions by Arconic.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (No Intent or Knowledge)

30.    To the extent that Plaintiff experienced injury or damage, which Arconic denies, such injury or damage was not caused by any intentional or knowing conduct or actions by Arconic.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Lack of Foreseeability)

31.    The risk of Plaintiff's alleged injuries or damages, if any, from Arconic's product(s) were not foreseeable based on the state of scientific knowledge available.

## THIRTIETH AFFIRMATIVE DEFENSE

#### (Insignificant Exposure)

32.    Plaintiff's exposure, if any, to product(s) allegedly manufactured or supplied by Arconic was so minimal as to be insignificant and insufficient to establish a reasonable degree of possibility that said product(s) caused any alleged injury or damage to Plaintiff.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Lack of Privity and Lack of Duty)

33.    The Complaint, and each cause of action alleged therein, is barred in whole or in part because Arconic was not in privity with Plaintiff and did not owe Plaintiff a duty of care. Arconic made no warranty, express or implied, to Plaintiff at any time, and thus, Plaintiff did not reasonably rely on any claimed warranty or alleged representations by Arconic.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Preemption/Compliance with Federal Law)

34.    If Plaintiff sustained any injury or damage by reason of the product(s)

8

complained of, the product(s) complied with federal law in connection with the formulation, testing and distribution of the product(s). Accordingly, Plaintiff's Complaint is preempted, in whole or in part, by the Supremacy Clause of the United States Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

35.     The claims for punitive damages are barred, in whole or in part, because a punitive damage award would violate the United States Constitution and the Constitution of the State of California.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Safe Harbor/Compliance with Government Specification)

36.     The Complaint, and each claim therein, is barred to the extent that it seeks to impose liability based on conduct by Arconic that at all times was in compliance with relevant laws and guidance from applicable regulations.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Benefits Exceed Risk)

37.     The benefits of the product(s) allegedly manufactured or supplied by Arconic outweighed the risk or danger, if any, inherent in such product(s).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(California Civil Code Section 1431.2)

38.     The Complaint, and each cause of action alleged therein, is barred in whole or in part because Arconic's liability, if any, for non-economic general damages is several only and not joint pursuant to California Civil Code Section 1431.2.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to Follow Warnings)

39.     The Complaint, and each cause of action alleged therein, is barred in whole or in part because Plaintiff or others failed to follow warnings and instructions.

/ / /

/ / /

ANSWER OF ARCONIC INC. TO COMPLAINT

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(No Notice)

40.    Plaintiff's claim for breach of warranty is barred due to the failure of the Plaintiff to give prompt and reasonable notice to Arconic of any alleged breach of warranty resulting in Plaintiff's alleged injuries.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Disclaimer of Implied Warranty)

41.    Plaintiff's claim for breach of implied warranty is barred because Arconic, in the sale or any product(s) to Plaintiff's employers or other intermediaries, disclaimed and/or excluded any implied warranties upon which Plaintiff bases his claim for damages and/or injuries.

## FORTIETH AFFIRMATIVE DEFENSE

(Set-Off)

42.    If Plaintiff is held to be entitled to recover any damages from Arconic, such recovery must be reduced by any and all amounts previously obtained, or which might be obtained in the future, by Plaintiff, whether by direct payment or otherwise, including but not limited to any workers' compensation or other government benefits, insurance recovery, or settlement.

## FORTY-FIRST AFFIRMATIVE DEFENSE

(Reservation of Right to Assert Additional Defenses)

43.    Arconic reserves the right to assert additional affirmative defenses as discovery and investigation proceeds in this action.

WHEREFORE, Arconic prays for judgment as follows:

    a.  That Plaintiff take nothing and be afforded no relief;

    b.  That the Complaint be dismissed with prejudice and that the Court enter judgment in favor of Arconic consistent therewith;

    c.  That Arconic be awarded its costs of suit in this matter; and

ANSWER OF ARCONIC INC. TO COMPLAINT

1      d.  For such other and further relief as this Court may deem necessary, just and

2          proper.

3

4                              **DEMAND FOR JURY TRIAL**

5      44.    Arconic hereby demands a trial by jury of all issues triable of right by a jury.

6

7  Dated: October 29, 2019              TATRO TEKOSKY SADWICK LLP

8
                                        By: _Reneé P. Tatro /DJS_____
9                                            René P. Tatro, Esq.
                                             Attorneys for Defendant Arconic Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        11
                      ANSWER OF ARCONIC INC. TO COMPLAINT

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 333 S. Grand Avenue, Suite 4270, Los Angeles, CA  90071.

On October 29, 2019, I served the foregoing documents(s) described as:

**ANSWER OF ARCONIC INC. TO COMPLAINT**

on the interested parties in this action as follows:

<u>    </u>   by placing ____ the original __x__ a true copy thereof enclosed in sealed envelopes addressed as stated on

**See Attached Service List**

<u>**BY FEDERAL EXPRESS**</u>
<u>    </u>   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for shipping via Federal Express.  Under the practice it would be dropped off with the Federal Express office on the same day with shipping fees thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

<u>**BY FACSIMILE**</u>
<u>    </u>   The within document(s) was/were served on the interested party(ies) in said action via facsimile transmission from the following fax number (213) 225-7151.

<u>**BY MAIL**</u>
<u>  **X**  </u>   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 29, 2019  at Los Angeles, California.

  <u>  **X**  </u>   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Karen L. Roberts*
Karen L. Roberts

1

# SERVICE LIST

2

Raphael Metzger, Esq.                              *Attorney for Plaintiff*
Carolyn M. Orr, Esq.

3

401 E. Ocean Blvd., Suite 800
Long Beach, CA  90802-4966

4

Fax: (562) 436-1561

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF TEHAMA<br>1740 WALNUT ST. RED BLUFF, CA. 96080<br>530-527-6441 | Electronically<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>September 6, 2019<br>COUNTY OF TEHAMA, CIVIL DIVISION<br>KEVIN HARRIGAN, CLERK OF THE COURT<br>BY _Rebecca Ayala_, DEPUTY<br>9/6/2019 1:05:22 PM |

PLAINTIFF/PETITIONER:
**RONALD DWAYNE MANNING**

vs.

DEFENDANT/RESPONDENT:
**ARCONIC INC.; MATERION BRUSH INC.; U.S. MINERALS, INC. A DELAWARE CORPORATION; WABCO HOLDINGS, INC., AS SUCCESSOR-IN0INTEREST TO MERITOR WABCO VEHICLE CONTROL SYSTEMS, A DELAWARE CORPORATION**

| **NOTICE OF MANDATORY CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**19CI-000219** |
|---|---|

YOU ARE **HEREBY NOTIFIED** that the above-entitled case has been set for Case Management Conference as follows:

| DATE:<br>2/3/2020 | TIME:<br>4:00 PM | DEPARTMENT:<br>Department 5 |
|---|---|---|
| LOCATION:<br>1740 Walnut St. Red Bluff, CA 96080 | | |

This case is subject to **THE TRIAL COURT DELAY REDUCTION ACT** (Govt. Code §§68600 et seq.) and the **TEHAMA COUNTY SUPERIOR COURT LOCAL RULES** (Rule 11). Strict compliance with the Act and Rules is required by the Court. Local rules can be found at www.tehama.courts.ca.gov.

It is the responsibility of the PLAINTIFF(S) to serve a copy of this notice on each Defendant.

All parties are required to file with the Court a Case Management Statement (Judicial Council Form CM-110) at least **5 days prior** to **each** conference.

Dated: September 06, 2019

Kevin Harrigan
Clerk of the Superior Court

By: _Rebecca Ayala_
Court Clerk

☞ **INSTRUCTIONS FOR ATTORNEYS RE TELEPHONIC APPEARANCES:**

1) Telephonic appearances are allowed at any Case Management Conference unless a personal appearance is specifically ordered by the Court. The Court uses AT&T Teleconference Services. *Note: Court Call is not available for Case Management Conferences.*

2) Notice of intent to appear telephonically should be noted on the Case Management Conference Statement (CM-110). The telephone number is: **1-888-808-6929** Participant Code: **354966**

| -SANCTIONS- if you do not file the Case Management Statement or attend the Conference or participate effectively in the conference, the Court may impose sanctions (including dismissal of the case and payment of money). **$20.00 fee required for any continuances. |
|---|

F:\WP\Cases\11561\NOTICES\2019-09-04, Posting Jury Fees.wpd

1   METZGER LAW GROUP
    A PROFESSIONAL LAW CORPORATION
2   RAPHAEL METZGER, ESQ., SBN 116020
    CAROLYN M. ORR, ESQ., SBN 299372
3   401 E. OCEAN BLVD., SUITE 800
    LONG BEACH, CA  90802-4966
4   TELEPHONE:  (562) 437-4499
    TELECOPIER: (562) 436-1561
5
6   Attorneys for Plaintiff,
    RONALD DWAYNE MANNING

**FILED**
SUPERIOR COURT OF CALIFORNIA

SEP 0 6 2019

COUNTY OF TEHAMA
KEVIN HARRIGAN, CLERK OF THE COURT
_____ DEPUTY

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF TEHAMA

10

11  RONALD DWAYNE MANNING              )   CASE NO. 19CI000219
                                       )
12                   Plaintiff,        )   **PLAINTIFF'S NOTICE OF POSTING**
                                       )   **JURY FEES**
13            vs.                      )
                                       )
14  ARCONIC INC., formerly known as    )
    Alcoa    Inc.,    a    Delaware    )
15  corporation; MATERION   BRUSH      )
    INC., formerly known as Brush      )
16  Wellman,    Inc.,    an    Ohio    )
    corporation;  U.S.   MINERALS,     )
17  INC., a Delaware corporation;      )
    WABCO NORTH AMERICA INC., as       )
18  successor-in-interest to Meritor   )
    Wabco Vehicle Control Systems, a   )
19  Delaware corporation; and DOES 1   )
    through 100, INCLUSIVE,            )
20                                     )
                     Defendants.       )
21  _____ )

22

23

24

25

26

27

28

                **PLAINTIFF'S NOTICE OF POSTING JURY FEES**

F:\WP\Cases\1150\NOTICES\2019-09-04, Posting Jury Fees.wpd

TO THE PARTIES HERETO AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff hereby posts jury fees of $150.00.

DATED: September 4, 2019

METZGER LAW GROUP
A PROFESSIONAL LAW CORPORATION

RAPHAEL METZGER, ESQ.
CAROLYN ORR, ESQ.
Attorneys for Plaintiff,
RONALD DWAYNE MANNING

1

PLAINTIFF'S NOTICE OF POSTING JURY FEES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Raphael Metzger, Esq. (SBN 116020)<br>Carolyn M. Orr, Esq. (SBN 299372)<br>METZGER LAW GROUP<br>401 E. Ocean Blvd., Suite 800<br>Long Beach, CA 90802 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br><br>SEP 06 2019<br><br>COUNTY OF TEHAMA<br>KEVIN HARRIGAN, CLERK OF THE COURT<br>BY _____ DEPUTY |

TELEPHONE NO.: (562) 437-4499   FAX NO.: (562) 436-1561
ATTORNEY FOR (Name): RONALD DWAYNE MANNING

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TEHAMA
STREET ADDRESS: 1740 Walnut Street
MAILING ADDRESS:
CITY AND ZIP CODE: Red Bluff 96080
BRANCH NAME:

CASE NAME: MANNING v. ARCONIC INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 19CI000219<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [x] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
    issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive

**4.** Number of causes of action (specify): Five (5)

**5.** This case [ ] is  [x] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 4, 2019

Raphael Metzger, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** ARCONIC INC., formerly known as
*(AVISO AL DEMANDADO):* Alcoa Inc., a Delaware
corporation; MATERION BRUSH INC., formerly known as
Brush Wellman, Inc., an Ohio corporation; U.S.
MINERALS, INC., a Delaware corporation; WABCO
HOLDINGS, INC., as successor-in-interest to Meritor
Wabco Vehicle Control Systems, a Delaware
corporation; and DOES 1 through 120, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:** RONALD DWAYNE MANNING
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA

SEP 06 2019

COUNTY OF TEHAMA
KEVIN HARRIGAN, CLERK OF THE COURT
BY _____, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
1740 Walnut Street
Red Bluff 96080

**CASE NUMBER:**
*(Número del Caso):* 19CI000219

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carolyn M. Orr, Esq. (SBN 299372)     (562) 437-4499  (562) 436-1561
METZGER LAW GROUP
401 E. Ocean Blvd., Suite 800
Long Beach, CA 90802

DATE:       SEP 06 2019        Kevin Harrigan
*(Fecha)*                 Clerk of the Court     Clerk, by _____, Deputy
                         *(Secretario)*                *(Adjunto)*
*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*
3. [ ]  on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ]  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civ. Procedure §§ 412.20, 465

*RONALD DWAYNE MANNING v. ARCONIC INC. et al.*
United States District Court, Eastern District (Sacramento Division), Case No.

### AFFIDAVIT OF SERVICE BY MAIL

I, NORMA L. BODMAN, declare:

        I am over the age of eighteen years and not a party to or interested in the within entitled action. I am an employee of the Law Offices of Sheldon J. Warren, and my business address is P. O. Box 30220, Long Beach, California 90853.

        On October 31, 2019, I served by mail the following document(s):

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (B) DIVERSITY

        I enclosed a true and correct copy of said document(s) in an envelope, together with an unsigned copy of this affidavit, addressed as follows:

### (SEE ATTACHED SERVICE LIST)

        I am readily familiar with the Firm's practice for collection and processing of correspondence/documents for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service in Long Beach, on this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on October 31, 2019, following the ordinary business practice. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

        I declare under penalty of perjury under the laws of the United States of America, and of the State of California that the foregoing is true and correct, and that I am employed in the office of an attorney permitted to practice before this Court, at whose direction this service was made.

Executed on October 31, 2019, at Long Beach, California.

*Norma L. Bodman*

NORMA L. BODMAN

{00019786.DOC}

1

## SERVICE LIST

2

*Ronald Dwayne Manning v. Arconic Inc., et al.*

3

United States District Court, Eastern District (Sacramento Division, Case No.

4

Raphael Metzger, Esq.

5

rmetzger@toxictorts.com
**METZGER LAW GROUP**

6

401 E. Ocean Blvd., Suite 800
Long Beach, CA 90802

7

Telephone: (562) 437-4499
Facsimile: (562) 436-1561

8

**Attorney for Plaintiff RONALD DWAYNE MANNING**

9

René P. Tatro, SBN 78383

10

**renetatro@ttsmlaw.com**
David B. Sadwick, SBN 126268

11

**dsadwick@ttsmlaw.com**
Juliet A. Markowitz, SBN 164038

12

**jmaekowitz@ttsmlaw.com**
**TATRO TEKOSKY SADWICK LLP**

13

333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071

14

Telephone: 213.225.7171
Facsimile: 213.225.7151

15

**Counsel for Defendant ARCONIC INC.**

16

Jennifer K. Stinnett, Esq.

17

jennifer@chs.law
Richard V. DeGruccio, SBN 214679

18

richard@chs.law
**CHRISTENSEN HSU SIPES LLP**

19

2485 Natomas Park Drive, Suite 315
Sacramento, CA 95833

20

Telephone: 916.443.6909
Facsimile: 916.313.0645

21

**Counsel for Defendant U.S. MINERALS, INC.**

22

Norman C, LaForce, SBN 102772

23

nlaforce@partonsell.com
**PARTON & SELL PC**

24

523 Fourth Street, Suite 210
San Rafael, CA 94901

25

Telephone: 415.258.9700
Facsimile: 415.258.9739

26

**Counsel for Defendant U.S. MINERALS, INC.**

27

///

28

///

{00019786.DOC}

-2-

1   Michael J. Pietrykowski, SBN 118677
    mpietrykowski@grsm.com
2   Don Willenburg, SBN 116377
    dwillenburg@grsm.com
3   Hannah Reed, SBN 322376
    hreed@grsm.com
4   GORDON & REES LLP
    1111 Broadway, Suite 1700
5   Oakland, CA 94607
    Telephone: 510.463.8600
6   Facsimile: 510.984.1721
7   **Counsel for Defendant WABCO HOLDINGS, INC.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
{00019786.DOC}

-3-