UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DWAYNE MANNING,<br><br>    Plaintiff,<br><br>    v.<br><br>ARCONIC INC., et al.,<br><br>    Defendants. | No. 2:19-cv-02202-MCE-DMC<br><br>**ORDER** |

By way of this action, Plaintiff seeks to recover from Defendants Arconic, Inc., Materion Brush, Inc., U.S. Minerals, Inc., and WABCO Holdings, Inc. ("WABCO Holdings"), for injuries sustained as a result of his long-term exposure to Beryllium-containing products. Presently before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction filed by WABCO Holdings. ECF No. 10. For the following reasons, that Motion is GRANTED with leave to amend.[1]

///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

**ANALYSIS**[2]

A judgment rendered in violation of due process is void, and due process requires that a defendant be subject to the personal jurisdiction of the court. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (citing Pennoyer v. Neff, 95 U.S. 714, 732–33 (1878); Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)). In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. Wash. Shoe Co. v. A–Z Sporting Goods Inc., 704 F.3d 668, 671 (9th Cir. 2012) (citation omitted). However, when the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts" to withstand the motion to dismiss. Id. at 672 (citing Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)). The court resolves all disputed facts in favor of the plaintiff. Wash. Shoe, 704 F.3d at 672.

Where, as here, there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits. Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). California Code of Civil Procedure section 410.10, California's long-arm statute, is "coextensive" with federal due process requirements. Id. Accordingly, the "jurisdictional analyses under state law and federal due process are the same." Id.

There are two categories of personal jurisdiction from a due process perspective: general and specific. A court has general jurisdiction over a nonresident defendant when the defendant's contacts with the forum are "substantial" or "continuous and systematic." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The standard for establishing general jurisdiction is an exacting standard that

---

[2] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

requires the defendant's contacts to approximate physical presence in the forum state. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004). Specific personal jurisdiction, on the other hand, exists when a defendant's "in-state activity is continuous and systematic and that activity gave rise to the episode-in-suit." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853 (U.S. 2011) (citing Int'l Shoe, 326 U.S. 317) (internal quotation marks omitted). However, "the commission of certain 'single or occasional acts' in a State may be sufficient to render a [defendant] answerable in that State with respect to those acts . . . ." Id. (citation omitted).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

According to WABCO Holdings, dismissal is warranted because it lacks the requisite contacts with this state to show that it should be subjected to this Court's jurisdiction. Indeed, WABCO Holdings is incorporated in Delaware and has its principal place of business in Bern, Switzerland. Nor, WABCO Holdings contends, has it ever

///

purposefully availed itself of this California forum (i.e., it did not manufacture or sell the product underlying Plaintiff's claims).

Plaintiff concedes the truth of the foregoing averments, but argues that WABCO Holdings should nonetheless be held to answer here because it is the successor in interest to Meritor WABCO Vehicle Control Systems ("Meritor WABCO"), the entity Plaintiff contends actually designed, manufactured, supplied and/or distributed the relevant Beryllium products. Plaintiff then proceeds to present all of the reasons how Meritor WABCO availed itself of this forum.

As WABCO Holdings points out, there is a fundamental problem with Plaintiff's argument:

> Plaintiff is apparently confusing possible "successor liability" in tort with jurisdiction. Whether a defendant may be liable for the obligations of another (which is not demonstrated here, and which WABCO Holdings Inc. does not concede) is an entirely different inquiry than whether jurisdiction is proper. Tort looks to the relationship of the entities to each other. Jurisdiction looks to the relationship of the defendant and the forum.

Def.'s Reply, ECF No. 14, at 6. Because the focus is on the Defendant itself, not on any affiliates, and because there is no evidence before the Court indicating that WABCO Holdings has even the barest contacts with California, WABCO Holdings' Motion is GRANTED. See Holland America Line Inc. v. Wartsila North America Inc., 485 F.3d 450, 459 (9th Cir. 2007) ("It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other . . . .").[3] Finally, because Plaintiff has failed to allege any facts indicating that jurisdictional discovery might produce any evidence leading to a conclusion that jurisdiction has been established, his request for discovery is DENIED without prejudice.

///

---

[3] The allegation that a separate subsidiary of WABCO Holdings at one point owned a piece of property in California is also unpersuasive because Plaintiff has not shown any evidence to link the facility directly to WABCO Holdings.

**CONCLUSION**

For the reasons set forth above, WABCO Holdings' Motion to Dismiss (ECF No. 10) is GRANTED with leave to amend. Not later than twenty (20) days following the date this Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed without leave to amend upon no further notice to the parties.

IT IS SO ORDERED.

DATED: May 21, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE