1  Jennifer K. Stinnett, Esq. [Bar No. 228209]
2  Richard V. De Gruccio, Esq. [Bar No. 214679]
   CHRISTENSEN HSU SIPES LLP
3  2485 Natomas Park Drive, Suite 315
   Sacramento, CA 95833
4  Telephone: (916) 443-6909
   Facsimile: (916) 313-0645
5  Email: jennifer@chs.law
          richard@chs.law

6  James C. Parker [Bar No. 106149]
7  Bina Ghanaat [Bar No. 264826]
   HUGO PARKER, LLP
8  240 Stockton Street, 8th Floor
   San Francisco, CA 94108
9  Telephone: (415) 808-0300
   Facsimile:  (415) 808-0333
10 Email: service@HUGOPARKER.com

11 Attorneys for Defendant
   U.S. MINERALS, INC.

12

13                     UNITED STATES DISTRICT COURT

14                     EASTERN DISTRICT OF CALIFORNIA

15

| RONALD DWAYNE MANNING, | No. 2:19-CV-02202-MCE-DMC |
|---|---|
| Plaintiff, | *Assigned to the Honorable Morrison C. England, Jr., Ctrm. 7* |
| vs. | |
| ARCONIC INC., formerly known as Alcoa, a Delaware corporation; MATERION BRUSH INC., formerly known as Brush Wellman, Inc., an Ohio corporation; U.S. MINERALS, INC., a Delaware corporation; WABCO HOLDINGS, INC., as successor-in-interest to Meritor Wabco Vehicle Control Systems, a Delaware corporation; and DOES 1 through 120, INCLUSIVE, | STIPULATION AS TO GOOD FAITH OF SETTLEMENTS BETWEEN DEFENDANTS AND PLAINTIFF; ORDER THEREON |
| Defendants. | |

25       By and through their undersigned counsel of record, defendants ARCONIC INC.
26 (now known as Howmet Aerospace Inc.), MATERION BRUSH INC., and U.S.
27 MINERALS, INC. (individually, "Settling Defendant" and collectively the "Settling
28 Defendants") and plaintiff Ronald Dwayne Manning ("Plaintiff") (together, the

"Parties"), hereby stipulate as follows:

WHEREAS, the Settling Defendants are the only active defendants in this personal injury matter (the "Action");

WHEREAS, each Settling Defendant has settled with Plaintiff RONALD DWAYNE MANNING ("Plaintiff");

WHEREAS, through their counsel, each Settling Defendant has shared with all Settling Defendants the material terms of its settlement with Plaintiff or through this stipulation hereby waives any right it may have to learn such terms; and

WHEREAS, each Party has had the opportunity to consult with his or its counsel concerning the settlements between Plaintiff and each Settling Defendant;

NOW, THEREFORE, subject to the Court's approval, the Parties stipulate as follows:

1. In lieu of each Settling Defendant, whether alone or together with Plaintiff, filing a motion or application and requesting entry of an order finding its settlement of the Action in "good faith" within the meaning of California Code of Civil Procedure § 877.6, each Settling Defendant and Plaintiff hereby stipulates that each other Settling Defendant's settlement is in "good faith."  The Parties further stipulate and request that the Court enter an order finding that each settlement is in good faith within the meaning of California Code of Civil Procedure § 877.6

2. That is, the Parties have taken into account all facts and circumstances to determine that each Settling Defendant's settlement allocates within a "reasonable range" its purported share of liability for Plaintiff's claimed injuries. *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488, 499 (1985). This assessment included, but is not limited to, Plaintiff's and each Settling Defendants' assessment of the strengths, weaknesses, risks of their respective cases (*i.e.*, Plaintiff's likelihood of prevailing and at what amount; the likelihood of successful affirmative defenses or dispositive motions, etc.), litigation costs, effects of delay (for trial, appeal, execution of judgment, etc.), and the likely individual exposures of each Settling Defendant.  In addition, among other

things, Plaintiff's claims against the Settling Defendants require Plaintiff to prove that he was exposed to beryllium from each of the Settling Defendant's products. However, with the close of fact discovery, Plaintiff has acknowledged that it will be difficult to meet this burden.

3.  Each Settling Defendant, and Plaintiff, understands and acknowledges that the effect and meaning of entry of the Order on this stipulation is that each settlement shall be deemed to have been made in good faith within the meaning of California Code of Civil Procedure § 877.6 and such Order shall, in accordance with California Code of Civil Procedure § 877.6, bar any other joint tortfeasor or co-obligor from any further claims against the Settling Defendants for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault. (See, Code of Civil Procedure § 877.6, sub. (c).)

It is so stipulated.

HUGO PARKER, LLP

Dated: March 22, 2022     By: /s/
                              James C. Parker
                              Bina Ghanaat
                              Attorneys for Defendant
                              U.S. MINERALS, INC.

CHRISTENSEN HSU SIPES LLP

Dated: March 21, 2022     By: /s/
                              Jennifer K. Stinnett
                              Richard V. De Gruccio
                              Attorneys for Defendant
                              U.S. MINERALS, INC.

TATRO TEKOSKY SADWICK, LLP

Dated:  March 22, 2022          By:  /s/
                                     René P. Tatro
                                     Juliet A. Markowitz
                                     Attorneys for Defendant
                                     ARCONIC, INC. nka HOWMET
                                     AEROSPACE INC.


LAW OFFICES OF SHELDON J. WARREN

Dated:  March 22, 2022          By:  /s/
                                     Sheldon J. Warren
                                     Dani Rogers
                                     Attorneys for Defendant
                                     MATERION BRUSH INC.


METZGER LAW GROUP
A PROFESSIONAL CORPORATION

Dated:  March 22, 2022          By:  /s/
                                     Raphael Metzger
                                     Attorneys for Plaintiff Ronald Manning

**ORDER**

IT IS HEREBY ORDERED THAT the settlements between plaintiff Ronald Dwayne Manning and each of the settling defendants, ARCONIC INC. (now known as Howmet Aerospace Inc.) MATERION BRUSH, INC., and U.S. MINERALS, INC. (collectively, the "Settling Defendants") have been made in good faith within the meaning of California Code of Civil Procedure § 877.6.

IT IS FURTHER ORDERED that all joint tortfeasors and co-obligors are hereby barred from asserting any claims (including but not limited to cross-claims and counterclaims) against the Settling Defendants and each of them for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

IT IS SO ORDERED.

Dated:  March 22, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE